UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GLEN GRAYSON and DOREEN MAZZANTI, individually and on behalf of themselves and all others similarly situated, | : : : : 3:13cv1799 (WWE) |
| Plaintiffs, | : : |
| v. | : : |
| GENERAL ELECTRIC COMPANY, Defendant. | : : |

## RULING ON MOTION FOR RECONSIDERATION

In this action, plaintiffs Glen Grayson and Doreen Mazzanti bring a putative class action on behalf of consumers who purchased GE Microwave ovens with a dangerous design defect that caused the glass doors to shatter and explode.

Defendant General Electric moved to have this Court seal portions of plaintiffs' opposition to defendant's second motion to dismiss. In the abundance of caution, this Court granted the motion to seal. Plaintiffs now seek reconsideration of that order. For the following reasons, the motion for reconsideration will be granted. Upon review, the Court will vacate its prior order.

## DISCUSSION

A motion for reconsideration may be based solely upon "matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order." D. Conn. Local R. Civ. P. 7(c)(1). Such a motion should be granted only where the Court has overlooked facts or precedents that might have "materially influenced" the earlier decision. Park South Tenants Corp. v. 200 Cent. Park South Assocs. L.P., 754

1

F. Supp. 352, 354 (S.D.N.Y. 1991).  The movant's burden is made weighty to avoid "wasteful repetition of arguments already briefed, considered and decided." Weissman v. Fruchtman, 124 F.R.D. 559, 560 (S.D.N.Y. 1989).

Upon a showing of compelling circumstances, the court may order certain records to be sealed.  See Joy v. North, 692 F.2d 880, 893 (2d Cir.1982).  Judicial records enjoy a "presumption of openness" that is rebuttable upon a demonstration that sealing the record will preserve high values and is narrowly tailored to serve that interest.  Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 96 (2d Cir. 2004).  A judge should carefully and skeptically review sealing requests to insure that there is an extraordinary circumstance or compelling need.  In re Orion Pictures Corp., 21 F.3d 24, 27 (2d Cir. 1994).

In this instance, GE argues that sealing documents reflecting its analysis of consumer injuries and complaints of defective microwaves is necessary to protect confidential and proprietary information.  In particular, GE asserts that the records contain confidential business information, the disclosure of which might harm its competitive standing.  GE notes that publicly disclosing this information might lead a competitor to improve the safety of its products more quickly than it otherwise would if the information had not been disclosed.

"Documents falling into categories commonly sealed are those containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like." Cumberland Packing Corp. v. Montsanto Co., 184 F.R.D. 504, 506 (E.D.N.Y. 1999).  However, "non-trade secret but confidential business information is not entitled to the same level of protection from disclosure as

trade secret information," and protection of a corporation's reputation or from the commercial effects of negative information has not been given significant weight. Littlejohn v. Bic Corp., 851 F.2d 673, 685 (3d Cir. 1988).  In this instance, GE's interest in preserving its confidential analysis of consumer complaints and injuries does not outweigh the presumption of public access and the public interest in product safety. See In re Agent Product Liability Litig., 98 F.R.D. 539, 545-548 (E.D.N.Y. 1983). Accordingly, the Court will vacate its prior order granting the motion to seal.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the motion for reconsideration (doc. #64) and hereby VACATES its prior ruling granting the motion to seal.

Dated this 23rd day of April 2015 at Bridgeport, Connecticut.

      /s/Warren W. Eginton
     Warren W. Eginton
     Senior United States District Judge