UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DANIEL LEVY, LAUREN HARRIS, :
and DAVID MEQUET individually and :
on behalf of themselves and all :
others similarly situated, : 3:13cv1799 (WWE) consolidated with
      Plaintiffs, : 15cv857
       :
v. :
       :
GENERAL ELECTRIC COMPANY, :
      Defendant. :

**RULING ON MOTION TO DISMISS**

      In this consolidated action, plaintiffs bring a putative class action on behalf of consumers who purchased microwave ovens manufactured by General Electric Company ("GE") with a dangerous design defect that caused the glass door on the ovens to shatter and explode.  Specifically, plaintiffs Daniel Levy, Lauren Harris and David Mequet allege:  (1) breach of express warranty; (2) violation of the implied warranty of merchantability; (3) violation of the Magnuson-Moss Warranty act; (4) violation of various state consumer protection laws; and (5) unjust enrichment.

      Defendant GE has filed a motion to dismiss the breach of implied warranty of merchantability, unjust enrichment and consumer protection claims pursuant to California law (Levy); the express warranty claim pursuant to Florida law (Harris); and the unjust enrichment claims pursuant to Texas laws (Mequet).  For the following reasons, the motion to dismiss will be granted in part and denied in part.

1

## BACKGROUND

For purposes of this ruling, the Court assumes that the allegations of the complaint are true.

Plaintiff Levy is a citizen of the state of California; plaintiff Harris is a citizen of Florida; and plaintiff Mequet is a citizen of the state of Texas.  Defendant GE is a New York corporation with its principal place of business in Fairfield, Connecticut.

Certain GE-branded microwave oven models contain defects that render them unreasonably dangerous and unsuitable for their intended use because the glass on the oven doors will shatter.  GE expressly warrantied through its user manuals, advertisements, pamphlets, brochures, circulars, samples and models that these models were fit for the ordinary purpose for which such goods are used.

GE has known, or reasonably should have known, that the models were defective since at least September 2002, when it first received reports that its models contained defects that cause the glass on the oven door to shatter.  GE sent out service bulletins to its technicians alerting them to the problem.  However, these bulletins were only available to service professionals.  GE did not issue a recall, warn consumers or take any affirmative steps to correct the problem.

In the winter of 2006, Levy purchased his GE-branded microwave oven.  On April 26, 2015, the glass door to the oven shattered while the oven was not in use.  Levy reported the incident to GE.  The service technician told Levy that he would be responsible for the cost of parts and labor.  Levy ordered a replacement glass panel but was informed that this part was no longer available.  GE offered $50 towards a new microwave.

On January 9, 2015, the glass door on plaintiff Harris's GE microwave shattered. Harris's four-year old son was hit with flying glass  After Harris reported the incident to GE, GE sent a technician to diagnose the unit at no cost but told plaintiff she was responsible for the cost of the repair.  The technician told Harris that the microwave was not repairable.

On April 22, 2015, the glass door on plaintiff Mequet's GE microwave shattered while it was not in use.  Mequet contacted GE, which told him that it would waive the cost of a diagnostic visit but that he would be responsible for any costs associated with the actual repair of his unit.  After Mequet objected, GE informed him that it would send a replacement glass panel that he could install himself.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984).  When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984).  The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A plaintiff is obliged to amplify a claim with some factual allegations to allow the court to draw the reasonable inference that the defendant is liable for the alleged conduct. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

**Choice of Law**

In diversity cases, a Connecticut federal court will apply Connecticut's choice of law rules.  Fieger v. Pitney Bowes Credit Corp., 251 F.3d 386, 393 (2d Cir. 2001).  Plaintiffs' breach of warranty and unjust enrichment claims that relate to the alleged breach of warranty sound in contract.  See Szollosy v. Hyatt Corp., 396 F. Supp. 2d 159, 163 n.8 (D. Conn. 2005).  Choice of law for a contract claim should be determined according to the most significant relationship test of the Restatement (Second) Section 188, which provides that unless another state has an overriding policy-based interest in the application of its law, the law of the state in which the bulk of the contracting transactions took place should be applied.  Reichhold Chemicals, Inc. v. Hartford Accident & Indemnity Co., 243 Conn. 401, 414 (1997).  Section 188(2) lists five contacts to be considered:  "(a) the place of contracting, (b) the place of negotiation of the contract, (c) the place of performance, (d) the location of the subject matter of the contract, and (e) the domicile, residence, nationality, place of incorporation and place of business of the parties."  For purposes of this motion, the Court will assume that the law of the state where each plaintiff resides applies.

**Levy's Claims Pursuant to California Law**

1. <u>Breach of Implied Warranty of Merchantability and Song-Beverly Consumer Warranty Act</u>

Defendant maintains that plaintiff Levy's claims of implied warranty of merchantability fail for lack of any allegation specific to plaintiff's privity with defendant.

Under California law, a plaintiff bringing an implied warranty of merchantability

claim must stand in privity of contract with the warrantor.  <u>Burr v. Sherwin Williams Co.</u>, 268 P.2d 1041, 1048-49 (Cal. 1954).  A buyer and seller stand in privity if they are in adjoining links in the distribution chain.  <u>Osborne v. Subaru of Am. Inc.</u>, 198 Cal.App. 3d 646, 656 n.6 (19888).  An end consumer who buys from a retailer is not in privity with a manufacturer.  <u>Clemens v. DaimlerChrysler Corp.</u>, 534 F.3d 1017, 1023 (9th Cir. 2008).

Although plaintiff Levy maintains that an exception exists where representations are made by means of label or advertisement, such exception to the privity requirement is applicable only to express warranties.  <u>Burr</u>, 268 P.2d at 1049.  Further, no binding authority supports plaintiff's assertion that an express warranty claim excuses the privity requirement for plaintiff's implied warranty claim.  <u>Wolph v. Acer America Corp.</u>, 2009 WL 2969467, *3 (N.D. Cal. Sept. 14, 2009).  The Court will dismiss the implied warranty of merchantability claim.

    2.    <u>Song-Beverly Consumer Warranty Act</u>

California's Song-Beverly Consumer Warranty Act applies only to transactions where title to the goods is taken within California.  In his opposition to the motion to dismiss, Levy represents that he purchased the microwave while residing in California from an online retailer with headquarters in California.  The Court will dismiss the claim without prejudice and allow plaintiff Levy to amend his allegations to plead the requisite elements of the warranty claims.

    3.    <u>California Consumers Legal Remedies Act</u>

Defendant maintains that the Consumer Legal Remedies Act claim should be dismissed for failure to file an affidavit regarding venue as required by the state statute.  Plaintiff Levy submits that this procedural rather than substantive requirement need not

be followed by a federal court sitting in diversity.  Evans v. Linden Research, Inc., 763 F. Supp. 2 735, 737 n.1 (E.D. Penn. 2011).  Here, plaintiff has submitted a venue affidavit that satisfies the statutory requirement.  Accordingly, the Court will deny the motion to dismiss on this basis.

      4.      Unjust Enrichment Claim

Defendant asserts that unjust enrichment is not a viable independent cause of action under California law.  However, California courts have been split on whether unjust enrichment is an independent claim or merely an equitable remedy under California law.  Khasin v. R.C. Bigelow, Inc., 2015 WL 4104868, *2 (N.D. Cal. July 7, 2015).  The Ninth Circuit has instructed that, while unjust enrichment is not a stand alone cause of action, a court may construe an unjust enrichment cause of action as a quasi-contract claim seeking restitution where a defendant has been unjustly enriched due to mistake, fraud, coercion or request.  Astiana v. Hain Celestial Group, Inc., 783 F.3d 753, 762 (9th Cir. 2015).  Here, plaintiff may be able to plead a viable claim for restitution based on defendant's alleged failure to inform plaintiff of the known defect to the microwave.  The Court will dismiss the unjust enrichment claim but will allow plaintiff to amend the complaint to assert a plausible claim for restitution under California law.

**Harris's Claims of Express Warranty Pursuant to Florida Law**

Defendant maintains that Harris's express warranty claim should be dismissed for lack of privity.  However, this Court's research reveals that Florida law with regard to the requirement of privity for express warranty claims remains unsettled.  Brynes v. Small, 2015 WL 6908721, at * 7 n.10 (M.D. Fl. Nov. 9, 2015).  The Court must construe all allegations in the light most favorable to plaintiffs.  In light of the unsettled state of

the law, plaintiff has stated a plausible claim for breach of an express warranty. Accordingly, the Court will deny the motion to dismiss on this claim.

### Mequet's Unjust Enrichment under Texas Law

Defendant argues that the unjust enrichment claim is not a viable cause of action under Texas law.

Texas courts have recognized that unjust enrichment is not a stand alone cause of action but courts have allowed plaintiffs to recover under an unjust enrichment theory when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage.  <u>Henson Patriot Ltd. Co. v. Medina</u>, 2014 WL 3756383, *2 (W.D. Texas-San Antonio).  Under Texas law, "unjust enrichment is based on the quasi-contract and is unavailable when a valid, express contract governing the subject matter fo the dispute exists."  <u>Coghlan v. Wellcraft Marine Corp.</u>, 240 F.3d 449, 454 (5th Cir. 2011).  Accordingly, the Court will grant the motion to dismiss on the unjust enrichment claim but will afford plaintiff the opportunity to replead the complaint to allege a theory of recovery consistent with Texas law.

## CONCLUSION

For the foregoing reasons, the motion to dismiss (doc. # 119) is GRANTED in part and DENIED in part.  The Court DISMISSES with prejudice the implied warranty claim pursuant to California law; DISMISSES without prejudice the Song-Beverly Act claim; DISMISSES without prejudice the unjust enrichment claim pursuant to California law; DISMISSES without prejudice the unjust enrichment claim pursuant to Texas law.

Plaintiffs are afforded the opportunity to replead their complaint consistent with this ruling within 15 days of this Ruling's issuing date.

Dated this 30th day of November, 2015, at Bridgeport, Connecticut.

<u>/s/Warren W. Eginton</u>
Warren W. Eginton
Senior United States District Judge