UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GLEN GRAYSON ET AL.,

   Plaintiffs,

        vs.                                No. 3:13-cv-1799 (WWE)(WIG)

GENERAL ELECTRIC COMPANY,

   Defendant.
_____X

## RULING ON PLAINTIFF'S MOTION TO COMPEL

In this putative class action, Plaintiffs claim that certain models of microwave ovens branded with defendant General Electric's ("GE") name were defectively designed or manufactured, causing their glass doors to spontaneously shatter. Now, pursuant to Rule 37 of the Federal Rules of Civil Procedure, Plaintiffs move to compel GE to produce certain discovery, including discovery from Samsung Electrics Co., Ltd. ("Samsung Korea"), who is the manufacturer of the microwaves at issue. [Doc. # 128]. After due consideration of the moving papers and the response, the Court hereby grants the Motion to Compel in part and denies it in part.

### Background

Plaintiff's Motion to Compel seeks four categories of documents:

**Category One:** Documents in Samsung Korea's possession relating to the design and manufacture of the microwaves at issue.

**Category Two:** Additional information from GE's Factory Service Database, which records customer complaints and service requests relating to the microwaves at issue.

**Category Three:** Customer service documents that GE produced in a different legal matter. Plaintiffs claim that these documents relate to GE's procedures for collecting consumer relations information.

1

**Category Four:** Copies of any GE policies or procedures "that GE contends are relevant to any issue in this litigation." GE has objected to this request as overly broad and unduly burdensome.[1]

Plaintiffs' motion seeks an order compelling the above, or in the alternative excluding GE from relying on this discovery at trial with all adverse inference drawn in Plaintiffs' favor.

## Discussion

Rule 26(b)(1) of the Federal Rules of Civil Procedure outlines the scope of discovery. Under the Rule, parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Relevance involves a consideration of "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed.R.Civ.P.26(b)(1). Even when a request seeks relevant matter, the court can limit such discovery when "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C). *See During v. City Univ. of New York*, No. 05 CIV. 6992(RCC), 2006 WL 2192843, at *4 (S.D.N.Y. Aug. 1, 2006) ("Even if the information sought is relevant, courts have the authority to forbid or to alter discovery that is unduly burdensome.").

Category One:

It is well-established that "a party is not obliged to produce … documents that it does not possess or cannot obtain." *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 138 (2d Cir.

---

[1] In their reply brief in support of the Motion to Compel, Plaintiffs state they are no longer pursuing this request. Accordingly, the Court will not address this category.

2

2007).  Pursuant to Fed.R.Civ.P. 34, a party may serve on another party a request "to produce … items in the responding party's possession, custody, or control."  A party "controls documents that it has the right, authority, or ability to obtain upon demand." *Scott v. Arex, Inc.,* 124 F.R.D. 39, 41 (D.Conn.1 989) (citations omitted).  Plaintiffs bear the burden of establishing that the documents are in GE's control.  *See Pitney Bowes, Inc. v. Kern Int'l, Inc.*, 239 F.R.D. 62, 66 (D. Conn. 2006).  This is a "fact specific" inquiry that goes beyond the "particular form of the corporate relationship" and instead looks at the "nature of the transactional relationship" between the entities.  *Id.* (internal citations and quotation marks omitted).  Courts must also look to whether there is a "*practical ability* of the [requested] party to obtain these documents."  *Id.* (citing *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.,* 233 F.R.D. 143, 145 (D.Del.2005) (emphasis in original) (citation omitted)).

GE argues that Samsung Korea's documents are not in its possession, custody, or control.  The Court agrees.  The relationship between GE and Samsung Korea does not evidence GE's legal entitlement to the documents: they are completely different entities; GE is not a parent of Samsung Korea, and does not have any ownership interest in it.  Even in cases where there is a parent/subsidiary relationship between entities, which is not the case here, courts look for "a showing that the two entities operate as one, demonstrated access to documents in the ordinary course of business, and an agency relationship."  *DeSmeth v. Samsung Am., Inc.*, No. 92 CIV. 3710(LBS)RLE, 1998 WL 74297, at *9 (S.D.N.Y. Feb. 20, 1998).  Plaintiffs have not made such a showing here.

GE also does not have a practical ability to obtain the documents from Samsung Korea.  While Plaintiffs claim that GE has selectively produced some documents from Samsung Korea, this argument is vitiated by GE's assertion that it produced any relevant documents it *already*

*had* in its possession from Samsung Korea. Already having documents does not necessarily equate to a practical ability to obtain additional documents. Without more, there is insufficient evidence that the business relationship between GE and Samsung Korea compels a finding of control. *See Sicav v. Wang*, No. 12 CIV. 6682 PAE, 2014 WL 2624753 (S.D.N.Y. June 12, 2014) (denying a motion to compel on grounds that defendant did not have control over documents held by its subsidiaries in part because the entities did not operate as one with respect to day to day operations, and there was no evidence the defendant has regular access to its subsidiaries' documents).

Plaintiffs also claim that there is a contractual agreement between GE and Samsung Korea giving rise to control. This arguments is unavailing because an examination of the contract beyond the provisions to which Plaintiffs cite show that the agreement enabled GE to ask for specific categories of documents for GE's review and approval during the manufacturing of the products at issue. GE maintains that any such documents that were already in their possession as a result of this agreement, if relevant, were produced. The Court cannot say the agreement's language amounts to a finding of control. *See Sahu v. Union Carbide Corp.*, No. 04 CIV. 8825 JFK, 2012 WL 2422757, at *21 (S.D.N.Y. June 26, 2012) *aff'd sub nom. Janki Bai Sahu v. Union Carbide Corp.*, 528 F. App'x 96 (2d Cir. 2013) (finding contracts between a parent and subsidiary for purchase of manufacturing and technical services were "the very definition of arms length dealings between corporate entities."). Plaintiffs cite to *Barton v. RCI, LLC*, No. CIV.A. 10-3657 PGS, 2013 WL 1338235 (D.N.J. Apr. 1, 2013) as support for the proposition that a contractual right to access documents amounts to legal control. In that case, however, the court found evidence sufficient to show an agency relationship between the

defendant and the non-party entity. *Id.* at *20. Here, however, no agency relationship has been shown.

Accordingly, the Motion to Compel is denied as to Category One.

Category Two:

Plaintiffs next seek a more extensive and more usable Factory Service Database. GE has already produced a spreadsheet from this database pursuant an agreement between the parties as to what information the spreadsheet would contain. It appears that, now, Plaintiffs want additional information and/or information in a different format. It is quite clear that Rule 34 cannot be used to compel a party to produce a document that does not exist. *See, e.g., Hallmark v. Cohen & Slamowitz, Midland Funding LLC,* No. 11–CV–842S(F) 2014 WL 5017859, at *5 (W.D.N.Y. Oct. 8, 2014) (citation and internal quotation marks omitted) ("It is basic that in responding to a document production request, pursuant to Fed.R.Civ.P. 34(a), a party is not required to create documents meeting the document requests, only to produce documents already in existence."). The Motion to Compel is denied insofar as it seeks GE to produce documents that do not exist.

To the extent Plaintiffs seek documents in this category to be produced in native format, GE maintains that has produced spreadsheets in accordance with the parties' ESI protocol. In their reply, Plaintiffs disagree and claim that GE misconstrues the ESI protocol. The Court hereby orders the parties to meet and confer in good faith regarding the application of the ESI protocol to this singular issue and file a joint status report within 14 days of this Ruling. The Court finds it difficult to imagine that the parties, who are represented by very capable counsel, will not come to an agreement on this seemingly minor issue.

<u>Category Three:</u>

Finally, Plaintiffs seek production of customer service documents which show "a problem with GE customer service representatives intentionally committing errors when recording consumer complaints so as to avoid filling out extra paperwork after a customer calls to complain about a safety-related problem with a microwave." While *all* consumer complaints are not relevant or proportional to the needs of the case, complaints specific to spontaneous glass door shattering in the models of the microwaves at issue in this case are clearly relevant. GE should produce these within <u>45 days</u> of the date of this Ruling.

<u>Adverse Inference Instruction:</u>

Plaintiffs seek to have the Court exclude from trial any Samsung Korea documents not produced in response to their requests. This request is premature, as the issue is speculative at this juncture. Likewise, the Plaintiffs are not entitled to an adverse inference instruction at this time. *See Zeiner v. Messina-Toombs*, No. 312CV1414WWEWIG, 2015 WL 5062440, at *2 (D. Conn. Aug. 26, 2015).

## **Conclusion**

For the reasons set forth above, Plaintiff's Motion to Compel [Doc. # 128] is granted in part and denied in part. This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED, this <u>1st</u> day of April, 2016, at Bridgeport, Connecticut.

                                       */s/ William I. Garfinkel*
                                       WILLIAM I. GARFINKEL
                                       United States Magistrate Judge