**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

**GLEN GRAYSON DOREEN**
**MAZZANTI, DANIEL LEVY,**
**DAVID MEQUET, and LAUREN**
**HARRIS, individually and**
**on behalf of themselves and all**
**others similarly situated,**                           **3:13cv1799 (WWE)**
  **Plaintiffs,**

**v.**

**GENERAL ELECTRIC COMPANY,**
  **Defendant.**

**MEMORANDUM OF DECISION ON MOTION FOR CLASS CERTIFICATION**
**AND APPOINTMENT OF CLASS COUNSEL**

Plaintiffs Glen Grayson, Doreen Mazzanti, Daniel Levy, David Mequet and

Lauren Harris, individually and on behalf of themselves, have asserted this putative

class action against defendant General Electric Company ("GE").   Plaintiffs claim that

defendant's GE-branded microwave oven model JEB1090, JEB1095, ZMC1090, and

ZMC1095 contained a defect that caused the oven door glass to shatter.

Plaintiff has filed a motion for class certification and appointment of class

counsel.   In their opening brief, plaintiffs requested certification of the several classes

of residents who purchased GE-branded microwave oven model number JEB1090,

JEB1095, ZMC1090, and/or ZMC1095 for primarily personal, family, or household

purposes, and not for resale.   Plaintiffs allege (1) breach of express warranty on behalf

of a nationwide and state subclasses; (2) implied warranty of merchantability on behalf

of a nationwide and Texas subclasses; (3) violation of the Song Beverly Act on behalf of

a California subclass; (4) violation of the Magnuson-Moss Warranty Act on behalf of a nationwide class;(4) violation of state consumer protection laws on behalf of state subclasses and a Consumer Protection Law subclass; and (6) unjust enrichment on the behalf of nationwide and state subclasses.

In their Reply brief, plaintiffs have indicated that they seek (1) a nationwide injunctive and declaratory judgment class pursuant to Federal Rule of Civil Procedure ("Rule") 23(b)(2) that would require defendant to notify class members of the glass-shattering defect and effectively extend the warranty on the microwave; (2) a multi-state Consumer Protection Law Subclass,[1] or alternatively, individual state consumer protection law classes for California, Florida, New York and Ohio pursuant to Rule 23(b)(3); and (3) a Texas Implied Warranty Subclass comprising purchasers of 1090/1095 microwaves pursuant to Rule 23(b)(3).[2]

The Court will deny without prejudice the motion for certification under Rule 23(b)(2) as to a nationwide injunctive and declaratory judgment class, and under Rule 23(b)(3) as to a damages Consumer Protection Law subclass and Texas Implied Warranty subclass; the Court will grant the motion for certification under Rule 23(c)(4)

---

[1]States with similar consumer protection laws (the "Consumer Protection Law Subclass") include Alaska, Arkansas, Connecticut, Delaware, Florida, Hawaii, Illinois, Michigan, Missouri, Nebraska, Ohio, New Jersey, New York, Rhode Island, Vermont, Washington, Wisconsin, and District of Columbia.

[2]Accordingly, the Court will hold in abeyance certification related to all other warranty and unjust enrichment claims.

2

as to a liability Consumer Protection Law Subclass and Texas Implied Warranty

Subclass. The Court will also grant the motion for appointment of counsel.

## BACKGROUND

The following background to plaintiffs' claims is reflected in the allegations of the

amended complaint and the parties' briefs relevant to class certification and exhibits

thereto.

Plaintiffs have alleged that GE-branded microwave oven models JEB1095,

ZMC1090 and ZMC1095 contain defects that render them unreasonably dangerous and

unsuitable for their intended use due to the occurrences of glass oven doors shattering.

GE has allegedly expressly warranted through its user manuals, advertisements,

pamphlets, brochures, circulars, samples and models that these models were fit for the

ordinary purpose for which such goods are used.

GE has allegedly known, or reasonably should have known, that the models

were defective when it first received reports that its models contained defects that have

caused the glass on the oven door to shatter.   The plaintiffs allege that GE sent out

service bulletins to its technicians alerting them to the problem, but the bulletins were

only available to service professionals.   Plaintiffs allege that GE did not issue a recall,

warn consumers, or take any affirmative steps to correct the problem.

Plaintiffs' expert, Thomas Read, asserts that every 1090/1095 microwave that he

inspected shared the same defect.   He maintains that the defect is endemic to the

1090/1095 microwaves.   Plaintiffs claim that their evidence will show that the

1090/1095 microwaves are all part of the same model family and share a common

design, including the defect that causes the glass doors to shatter.

Plaintiffs maintain that the glass shattering defect poses a safety risk.

## DISCUSSION

A. Standing

Defendant argues that plaintiffs' proposed class comprising purchasers or owners of 1090/1095 microwave ovens includes members who have experienced no glass shattering and, therefore, lack standing to sue.   Specifically, defendant asserts that putative class members have no standing to sue for relief based on a product that has not experienced the alleged defect and is beyond its expected useful life.

To satisfy Article III standing, "a plaintiff must demonstrate (1) a personal injury in fact (2) that the challenged conduct of the defendant caused and (3) which a favorable decision will likely redress."   Mahon v. Ticor Title Ins. Co., 683 F.3d 59, 62 (2d Cir. 2012); Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992).   Past injuries may provide a basis for standing to seek money damages, and an "enhanced risk" of future injury may constitute injury-in-fact for purposes of seeking injunctive relief. Relevant to a class action, Article III standing requires that "for every named defendant there must be at least one named plaintiff who can assert a claim directly against that defendant."   Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck–Medco Managed Care, L.L.C., 504 F.3d 229, 241 (2d Cir. 2007); NECA–IBEW Health & Welfare Fund v. Goldman Sachs & Co., 693 F.3d 145, 159 (2d Cir. 2012).   Thus, the Court's inquiry for determining Article III standing focuses upon the named plaintiffs. Catalano v. BMW of N. Am., LLC, 167 F. Supp. 3d 540, 553 (S.D.N.Y. 2016).

Here, plaintiffs have alleged the injury of owning a dangerous product defect that could potentially cause a physical injury and that has required or will require replacement and/or repair to the product.   The Court finds that the plaintiffs have standing to assert this class action.[3]

B.  Rule 23

Plaintiffs seek certification under Rule 23(b)(2) for an injunctive and declaratory judgment class; under Rule 23(b)(3) for a damages Consumer Protection Law subclass and Texas Implied Warranty subclass; or alternatively, under Rule 23(c)(4) for a liability Consumer Protection Law subclass and Texas Implied Warranty subclass.

To receive class certification, plaintiffs must first satisfy the four elements of Rule 23(a):   (1) Numerosity, (2) commonality, (3) typicality, and (4) the adequacy of representation.   Plaintiffs must then meet at least one of the three subsections of Rule 23(b).   McLaughlin v. American Tobacco Co., 522 F.3d 215, 222 (2d Cir. 2008).

"The burden of proving compliance with all of the requirements of Rule 23 rests with the party moving for certification."   Levitt v. J.P. Morgan Sec., Inc., 710 F.3d 454, 465 (2d Cir. 2013).   The merits of a claim may be considered to the extent relevant to

_____

[3]Defendant also maintains that plaintiffs lack standing and the case is moot because the specific microwave models are no longer being manufactured, and because plaintiffs have turned over their microwaves for inspection. However, consumers who still own the allegedly defective microwaves have an interest in obtaining a determination of liability and the relief of a recall and issuance of a warning. See Laumann v. Nat'l Hockey League, 105 F. Supp. 3d 384, 411-12 (S.D.N.Y. 2015) (Plaintiff may have standing based on potential future injury); Campbell-Ewald Co. v. Gomez, 136 S. Ct. 663, 669 (2016), revised (Feb. 9, 2016) (Case is not moot where parties have concrete interest in outcome of litigation).

the Rule 23 Inquiry.   <u>Amgen v. Connecticut Retirement Plans and Trust Funds</u>, 133 S.

Ct. 1184, 1195 (2013).   The party seeking class certification must satisfy the

requirements of Rule 23 by a preponderance of the evidence.   <u>Novella v. Westchester</u>

<u>Cnty</u>, 661 F.3d 128, 148-49 (2d Cir. 2011).

A class under Rule 23(b)(2) may not be certified where the monetary component

is "more than merely incidental to the injunctive relief."   <u>Wal-Mart Stores, Inc. v. Dukes</u>,

131 S. Ct. 2541, 2557 (2011); <u>Jermyn v. Best Buy Store, L.P.</u>, 276 F.R.D. 167, 173

(S.D.N.Y. 2011).   Where a plaintiff seeks both declaratory and monetary relief, the

court may separately certify a damages-seeking class under Rule 23(b)(3), and an

injunction-seeking class under Rule 23(b)(2), if all of the requirements have been met.

<u>Stinson v. City of New York</u>, 282 F.R.D. 360, 381 (S.D.N.Y. 2012).

A court may also certify a class with respect to a particular issue under Rule

23(c)(4) where certification will materially advance disposition of the litigation.   <u>Benner</u>

<u>v. Becton Dickinson & Co.</u>, 214 F.R.D. 157, 169 (S.D.N.Y. 2003).   For a particular issue

to be certified pursuant to Rule 23(c)(4), the requirements of Rules 23(a) and (b) must

be satisfied only with respect to those issues.   <u>Charron v. Pinnacle Grp. N.Y. LLC</u>, 269

F.R.D. 221, 239 (S.D.N.Y. 2010).

      1.    <u>Rule 23(a)</u>

Rule 23(a) provides:

One or more members of a class may sue or be sued as representative parties
on behalf of all members only if: (1) the class is so numerous that joinder of all
members is impracticable; (2) there are questions of law or fact common to the
class; (3) the claims or defenses of the representative parties are typical of the
claims or defenses of the class; and (4) the representative parties will fairly and
adequately protect the interests of the class.

a.  Numerosity

There is no question that numerosity is met because more than forty class

members exist.   Consolidated Rail Corp. v. Town of Hyde Park, 47 F.3d 473, 483 (2d

Cir. 1995) (Numerosity is presumed at a level of forty members).   Plaintiffs have

submitted evidence indicating that sufficient microwaves have been sold in the United

States and to consumers in the states comprising the Consumer Protection Law

Subclasses.

b.  Common Question of Law and Fact

Pursuant to this requirement, the Court must consider whether the class

members have suffered the same injury, which must turn "upon a common contention"

that is capable of classwide resolution.   Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338,

350 (2011).   Here, common issues exist concerning the microwaves' design or

manufacturing defect; In re Whirlpool Corp. Front-Loading Washer Products Liability

Litig., 722 F.3d 838, 859 (6th Cir. 2013); and GE's knowledge and concealment of the

defect.   Amgen, 133 S. Ct. at 1191.   Common evidence will be essential to each class

member's claim of defect, fraudulent concealment, breach of warranty, and violation of

consumer protection laws.   Accordingly, the Court finds that plaintiffs have satisfied the

commonality requirement.

c.  Typicality

Typicality "requires that the claims of the class representatives be typical of those

of the class, and is satisfied when each class member's claim arises from the same

course of events, and each class member makes similar legal arguments to prove the

defendant's liability."   <u>Marisol A. v. Giuliani</u>, 126 F.3d 372, 376 (2d Cir. 1997).

"Differences in the degree of harm suffered, or even in the ability to prove damages, do

not vitiate the typicality of a representative's claims."   <u>Oulette v. Int'l Paper Co.</u>, 86

F.R.D. 476, 480 (D. Vt. 1980).

     Here, plaintiffs' claims are typical of the class because all of the microwaves at

issue are alleged to have the same defect that caused the glass shattering.   Further,

the alleged concealment by defendant with respect to the defect applies to the claims of

the class.   The Court finds that the typicality requirement is met.

     d.   <u>Adequacy of Representation</u>

     The adequacy inquiry requires this Court to consider whether the named

plaintiffs' interests "are antagonistic" to that of the other members of the class.   <u>In re</u>

<u>Visa Check/Master Money Antitrust Litig.</u>, 280 F.3d 124, 142 (2d Cir. 2001).   A class

representative must have "a sufficient interest in the outcome of the case to ensure

vigorous advocacy."   <u>Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v.</u>

<u>LaBranche & Co. Inc.</u>, 229 F.R.D. 395, 413 (S.D.N.Y. 2004).

     Here, plaintiffs all owned GE 1090/1095 microwaves with the same defect that is

the cause of the common class member injury.   Upon review, the Court finds that the

named plaintiffs have a sufficient interest in the matter and can adequately represent

the class.   Defendant complains Harris and Mequet fall outside of proposed class

because they are not original purchasers of the microwave.   However, these plaintiffs

purchased their microwaves as part of their residences and are, therefore, current

product owners and purchasers.

Additionally, pursuant Rule 23(g), the Court will appoint as counsel Tycko & Zavareei, LLP, and Izard Nobel, LLP, both of which the Court deems as highly qualified in the area of class action litigation.

C. Injunctive and Declaratory Judgment Class

Plaintiffs propose an injunctive and declaratory relief class of current owners of the 1090/1095 microwave under Rule 23(b)(2).   Plaintiffs seek a declaratory judgment that the 1090/1095 microwaves have a dangerous defect that will cause the glass door to break; that defendant knew about the defect at least as early as 1998; and that the existing one-year warranty is invalid and unenforceable.   Plaintiffs seek injunctive relief in the form of reassessment of any denial of a claim related to a glass shattering incident where the denial was based on the one-year warranty limitation; a recall or replacement of the 1090/1095 microwave; and a public acknowledgement and notice of the defect.

Rule 23(b)(2) provides that a class may be certified if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."   Certification of an injunctive or declaratory judgment class is appropriate where a single injunction or declaratory judgment provides relief to each member of the class.   Dukes, 131 S. Ct. at 2557.

Defendant maintains that plaintiffs' proposed certification of both an injunctive class and a damages class under Rule 23(b)(3) would improperly allow for putative class members to receive monetary damages in addition to an extended warranty and a

replacement microwave. Defendant asserts that plaintiffs' proposed declaratory relief effectively provides the basis for a damages award, while their proposed injunctive relief represents a reformulated request for monetary damages.

Although plaintiffs assert that certification of the class under Rule 23(b)(2) is appropriate because plaintiffs seek relief applicable to the class as a whole, plaintiffs have also suggested that the Court certify a Rule 23(c) liability-only class as a "prelude" to plaintiffs' proposed Rule 23(b)(2) or (b)(3) classes.   As discussed further, the Court will certify a liability-only class under Rule 23(c).   Thus, the Court will defer ruling on certification of the declaratory/injunctive class.   After the liability determination, the Court may better determine whether a Rule 23(b)(2) class is appropriate to provide relief to the class as a whole.   Accordingly, the Court will deny without prejudice the motion to certify a Rule 23(b)(2) class.

<u>Consumer Protection Law Subclass Damages/Liability Class</u>

Rule 23(b)(3) requires plaintiffs to demonstrate that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."   A court may employ Rule 23(c)(4) to certify a class as to liability regardless of whether the claim as a whole satisfies Rule 23(b)(3)'s predominance requirement.   <u>Jacob v. Duane Reade, Inc.</u>, 602 Fed.Appx. 3, 6 (2d Cir. 2015).

1.  <u>Predominance</u>

"Predominance is satisfied if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof."   <u>Roach v. T.L. Cannon Corp.</u>, 778 F.3d 401, 405 (2d Cir. 2015).   To satisfy this requirement, plaintiffs must present a damages methodology that is "consistent with [their] liability case."   <u>Comcast Corp. v. Behrend</u>, 133 S. Ct. 1426, 1432 (2013).   For purposes of Rule 23(b)(3) class certification, the model for determining class-wide damages must "measure damages that result from the class's asserted theory of injury."   <u>Roach</u>, 778 F.3d at 407.   In <u>Roach</u>, the Second Circuit construed <u>Comcast</u> as requiring consideration of the potential for individualized damages when "weighing predominance," without foreclosing "the possibility of class certification in cases involving individualized damages calculations."   <u>Id.</u> at 408.

Here, plaintiffs propose two models for damages valuation on a class-wide basis: (1) Damages based on an aggregated class-wide diminution in value due to the need to repair the microwave; or alternatively, (2) an aggregated amount reflecting a refund of the amount paid for the microwave based on defendant's revenues apportioned among the states represented by the Consumer Protection Law Subclass.   However, defendant points out that some class members may retain a 1090/1095 microwave beyond its useful life span without experiencing oven door glass breakage.   Thus, defendant maintains that an individualized proof of damages defeats any finding of predominance.

11

Defendant argues that lack of a common injury and causation defeats satisfying the predominance requirement.   Plaintiffs counter that each class member has an alleged injury of overpayment for a defective product; and that each class member has in common defendant's alleged failure to disclose the asserted product defect.

The Court agrees that the Consumer Protection Law Subclass presents damages issues requiring an individualized inquiry based on the remedial scheme of each state statute and the varying degrees of harm at issue.   Accordingly, the Court will not certify a damages Consumer Protection Law Subclass.   The issue of liability can generally be adjudicated through a common proof even if certain defenses affect members of the class differently.   Brown v. Kelly, 609 F.3d 467, 483 (2d Cir. 2010) ("As long as a sufficient constellation of common issues binds class members together, variations in sources and application of a defense will not automatically foreclose class certification under 23(b)(3).").

Defendant's concern that scienter standards differ according to state consumer protection laws does not defeat class certification of a liability class.   A scienter requirement is appropriate for proof on a class-wide basis because it implicates defendant's knowledge and intentional or willful conduct.   See In re Pharm. Indus. Average Wholesale Price Litig., 252 F.R.D. 83, 100 (D. Mass. 2008) ("varying standards governing a defendant's scienter do not pose insuperable management issues because the Court can ask the jury specific questions....").

While other product defect cases may not be appropriate for class certification due to varying conduct of the consumers in their use of the product, see Colley v.

12

Procter & Gamble Co., 2016 WL 5791658, at *6 (S.D. Ohio Oct. 4, 2016), this case hinges largely upon whether the 1090/1095 microwaves all contained a defect that could cause glass shattering regardless of consumer conduct.   Further, this case concerns the common issue of whether defendant knew about the defect but failed to disclose it.   Accordingly, common questions of law and fact predominate relevant to whether the microwaves are defectively designed and whether defendant concealed the known defect.   The Court will certify the Consumer Protection Law Subclass as to liability under Rule 23(c)(4).

D. Texas Breach of Implied Warranty Subclass

Defendant argues that common questions of law or fact do not predominate with respect to the Texas Breach of Implied Warranty Subclass, which requires proof that: (1) the merchant sold the goods to plaintiff; (2) the goods were unmerchantable; (3) plaintiff notified defendant of the breach; and (4) plaintiff suffered injury.   Hartford v. Lyndon-DFS Warranty Servs., Inc. , 2010 WL 2220443, at *11 (Texas. App. Ct. May 28, 2010).[1]   Similar to the prior discussion relevant to the Consumer Protection Law Subclass, the predominant question of whether consumers did not receive the benefit of their bargain due to the product defect renders this an appropriate claim for class certification.   See McManus v. Fleetwood Enters., Inc., 320 F.3d 545, 552 (5th Cir.

---

[1]To the extent that pre-suit notice is required by the Texas Business and Commerce Code Sections 2.607(c)(1) and Section 2A.516, the state notice provision is preempted by Federal Rule Civil Procedure 23.   Mace v. Van Ru Credit Corp., 109 F.3d 338, 346 (7th Cir. 1997) (notice provision that did not grant or deny a substantive right preempted).   The official comment to Section 2.607 indicates that the notice requirement is required to "open[] the way for normal settlement through negotiation."

2003).   However, due to the concern regarding an individualized damages inquiry, the Court will certify a Texas Implied Warranty Subclass as to liability pursuant to Rule 23(c)(4).

E. Affirmative Defenses

Defendant maintains that individualized considerations relevant to its affirmative defenses of accord and satisfaction and the statute of limitations bar class certification.

Defendant's accord and satisfaction defense concerns defendant's offer of relief to certain consumers whose microwaves incurred glass breakage.   As discussed, the Court will certify the classes as to liability, and therefore, defendant's affirmative defenses concerning accord and satisfaction do not compromise the satisfaction of the predominance requirement.

Defendant maintains that its statute of limitations defense will require individualized assessments relevant to accrual of each class member's cause of action. However, plaintiffs have alleged that all statutes of limitations have been tolled due to defendant's alleged fraudulent concealment.   Thus, the question of whether defendant's conduct constitutes fraudulent concealment to toll the statute of limitations predominates.   Defendant's defenses do not pose an impediment to certification as to liability.

F. Superiority

With regard to the liability classes, the Court should also consider whether a class action is superior to other methods of adjudication in terms of class members' interest in individually controlling their case; the extent of any prior litigation concerning

14

the same controversy; the desirability of concentrating the litigation of the claims in a particular forum; and difficulty of managing the class action.   Fed. R. Civ. P. 23(b)(3).

A class-wide determination of liability would facilitate a more efficient adjudication than repeated case filings concerning the existence of the same defect.   The individual class members do not likely have significant damages at stake; therefore, the class action would enable class members to avoid the expense of bringing litigation as individuals.   Plaintiffs' counsel is unaware of any other pending litigation that is being pursued by any class members concerning the microwave defect.   The case does not present any insurmountable management difficulties, and this forum is well situated to handle this type of class action.

G. Ascertainable Class

Within the Second Circuit, courts have applied the "implied requirement of ascertainability."   Hughes v. The Ester C. Company, 2016 WL 6092487, at *10 (E.D.N.Y. Sept. 30, 2016).   "[T]he touchstone of ascertainability is whether the class is sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member."   Becher v. Republic of Argentina, 806 F.3d 22, 24 (2d Cir. 2015).   "A class is ascertainable when defined by objective criteria that are administratively feasible and when identifying its members would not require a mini-hearing on the merits of each case."   Huebner v. Midland Credit Mgmt., Inc., 2016 WL 3172789, at *7 (E.D.N.Y. June 6, 2016).   The instant class is ascertainable as consumers of the GE 1090/1095 microwave.   Many of these class members may be identified and contacted through the records retained by defendant in its Microwave

15

Safety Database and Service Technician Database.

Accordingly, the Court finds that the motion for class certification will be granted as to a liability Consumer Protection Law Subclass and a Texas Implied Warranty Subclass pursuant to Rule 23(c)(4).

## **CONCLUSION**

For the foregoing reasons, the motion for certification is GRANTED in part and DENIED without prejudice in part.

The Court certifies a liability Consumer Protection Law Subclass under Rule 23(c)(4) as follows:

> All persons residing in the States of Alaska, Arkansas, California, Connecticut, Delaware, Florida, Hawaii, Illinois, Michigan, Missouri, Nebraska, Ohio, New Jersey, New York, Rhode Island, Vermont, Washington, Wisconsin, and the District of Columbia who purchased a GE-branded microwave oven model number JEB 1090, JEB 1095, ZMC1090, and/or ZMC 1095 for primarily personal, family or household purposes and not for resale. Specifically excluded from the Class are: (1) GE, as well as any entity in which GE has a controlling interest or which has a controlling interest in GE and any of GE's parents, subsidiaries, affiliates, legal representatives, assigns, successors, and officers or directors; (2) the Judge to whom this case is assigned and any member of the judge's immediate family; (3) claims for personal injury, wrongful death, and/or emotional distress; and (4) claims for consequential damages flowing from a manifestation of the glass shattering defect Plaintiffs' allege.

The Court certifies a liability Texas Implied Warranty Subclass under Rule 23(c)(4) as follows:

> All persons residing in the State of Texas who purchased a GE-branded microwave oven model number JEB 1090, JEB 1095, ZMC1090, and/or ZMC 1095. Specifically excluded from the Class are: (1) GE, as well as any entity in which GE has a controlling interest or which has a controlling interest in GE and any of GE's parents, subsidiaries, affiliates, legal representatives, assigns, successors, and officers or directors; (2) the Judge to whom this case is assigned and any member of the judge's immediate family; (3) claims for personal injury, wrongful death, and/or emotional distress; and (4) claims

for consequential damages flowing from a manifestation of the glass shattering defect Plaintiffs' allege.

The Court DENIES without prejudice the motion to certify a declaratory judgment/injunction class under Rule 23(b)(2) and any damages class under Rule 23(b)(3).

The Court GRANTS the motion to appoint as counsel Tycko & Zavareei, LLP, and Izard Nobel, LLP.


                                       /s/ Warren W Eginton
                                         _____

                                         Warren W. Eginton
                                         Senior U.S. District Judge

Dated this 7th day of March, 2017 at Bridgeport, Connecticut.

17