# Exhibit A

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

GLEN      GRAYSON,      DOREEN
MAZZANTI, DANIEL LEVY, DAVID
MEQUET   and   LAUREN   HARRIS,
individually  and  on  behalf  of  themselves
and all others similarly situated,

                    Plaintiffs,
          v.

GENERAL ELECTRIC COMPANY,

                    Defendant.

No. 3:13-cv-01799-WWE
(Consolidated Docket No.)

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement and Release (the "Agreement") is entered into between the Settlement Class Representatives, on behalf of themselves and the Settlement Class, on the one hand, and GE, on the other hand (together the "Parties"), subject to preliminary and final Court approval as required by Rule 23 of the Federal Rules of Civil Procedure.

WHEREAS, the Civil Action is currently pending in the United States District Court for the District of Connecticut, alleging, inter alia, that certain GE-branded microwave ovens (the "Covered Microwaves") contain defects such that the glass on the doors of these microwave ovens may break or shatter;

WHEREAS, GE denies the allegations in the Civil Action, including without limitation that the Covered Microwaves are defective, asserts numerous legal and factual defenses to the claims made in the Civil Action, and denies any liability whatsoever;

WHEREAS, the Settlement Class Representatives and Settlement Class Counsel have concluded, after discovery and investigation of the facts and after carefully considering the circumstances of the Civil Action, including the claims asserted in the Complaint, the status of the Civil Action and the possible legal, factual and procedural defenses thereto, that it would be in the best interests of the Settlement Class to enter into this Agreement, which interests include the substantial value to be derived from this Settlement and the interest in avoiding the uncertainties of litigation and assuring that the benefits reflected herein are obtained for the Settlement Class; and, further, that Settlement Class Counsel consider the Settlement set forth herein to be fair, reasonable and adequate and in the best interests of the Settlement Class;

WHEREAS, GE, after vigorous, arms-length negotiations, has agreed to payment of certain sums and other relief in settlement for the benefit of the Settlement Class, as provided in this Agreement;

WHEREAS, GE, despite its belief that it has valid and complete defenses to the claims asserted against it in the Civil Action, has nevertheless agreed to enter into this Agreement to reduce and avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, and thereby to resolve this controversy.

NOW, THEREFORE, it is agreed by and between the undersigned on behalf of the Parties that any and all claims made or that could have been made against GE or the Released Entities (as defined in Paragraph 21 of this Agreement) by the Settlement Class and/or the Settlement Class Representatives in the Civil Action be settled and compromised and, except as hereafter provided, without costs as to the Settlement Class, Settlement Class Representatives, or GE, subject to the approval of the Settlement Court, on the following terms and conditions.

I.   **DEFINITIONS**

In addition to the terms defined at various points within this Agreement, the following Defined Terms apply throughout this Agreement:

1.     The term "Civil Action" means the consolidated action captioned *Glen Grayson, et al. v. General Electric Company*, Case No. 3:13-cv-01799-WWE, originally filed on December 4, 2013 in the United States District Court for the District of Connecticut, inclusive of all other actions consolidated therewith.

2.     The term "Claim Form" means the document, which will be appended to the Settlement Notice, that Class Members must complete, sign, and timely submit pursuant to Paragraph 38.g of this Agreement in order to receive an Individual Payment.  A copy of the form of Claim Form is attached as Exhibit E hereto.

3.     The term "Claimant" means a Person who has submitted a Claim Form or Claim Forms.

4.     The term "Class" or "Class Members" means all persons (other than retailers, resellers, or wholesalers) residing in the United States of America who purchased or owned a Covered Microwave at any time during the Settlement Class Period.

5.     The term "Complaint" means the Amended Consolidated Class Action Complaint filed on December 21, 2015 in the Civil Action and any subsequent amended versions thereof.

6.     The term "Covered Microwave" means a microwave oven bearing the GE Profile or GE Monogram brand, and bearing a model number beginning with JEB1090, JEB1095, ZMC1090, or ZMC1095.

7.     The term "Effective Date" has the meaning ascribed to it in Paragraph 43 of this Agreement.

8.     The Term "Final Approval Hearing" means the final hearing at which the Settlement Court determines whether to enter the Order and Final Judgment.

9.     The term "GE" means General Electric Company.

10.    The term "GE Counsel" means Jeffrey J. White, Esq., John H. Kane, Esq., Wystan M. Ackerman, Esq, Kevin P. Daly, Esq., and Robinson & Cole LLP.

11.    The term "Individual Payment" means the amount payable or discount to be made available to a particular Class Member determined using the methodology set forth in Paragraph 39 of this Agreement.

12.    The term "Invalid Claim" means any Claim Form that is not a Valid Claim.

13.    The term "Motion for Final Approval" means the pleading to be filed by the Settlement Class Representatives pursuant to Paragraph 41 of this Agreement seeking entry of an Order and Final Judgment pursuant to Federal Rule of Civil Procedure 23(e).

14.    The term "Motion for Preliminary Approval" means the pleading to be filed by the Settlement Class Representatives pursuant to Paragraph 35 of this Agreement, which pleading shall be mutually acceptable to, and may not be modified without the mutual consent of, each of the Parties in their sole and absolute discretion.  This Agreement shall be filed with the Motion for Preliminary Approval.

15.    The term "Neutral Evaluator" means Hartford Superior Court Judge Antonio C. Robaina (Ret.) or any substitute neutral evaluator appointed by the Court, solely for the purpose of arbitrating disputes in accordance with Paragraph 40 of this Agreement.

16.    The term "Order and Final Judgment" means an order of the Settlement Court granting final approval of the Settlement and the corresponding final judgment.

17.    The term "Party" or "Parties" means, collectively, the Settlement Class Representatives, acting on behalf of the Settlement Class, and GE.

18.    The term "Preliminary Approval Order" means an order issued by the Settlement Court preliminarily approving the Settlement, in accordance with Fed. R. Civ. P. 23(e).

19.    The term "Released Claims" means any and all known and Unknown Claims, rights, demands, actions, causes of action, allegations, or suits of whatever kind or nature, whether *ex contractu* or *ex delicto*, statutory, common law, equitable, including but not limited to breach of contract, breach of the implied covenant of good faith and fair dealing, violation of any state or federal statute or regulation (including without limitation any consumer protection statute or regulation), any extracontractual claims, any claims for punitive or exemplary damages, restitution, disgorgement, return or refund of purchase price, out-of-pocket expenses, consequential damages, diminution-in-value damages, benefit-of-the-bargain damages, cost-of-repair damages, cost-of-replacement damages, premium-price damages, attorneys' fees, costs of suit, declaratory relief, injunctive relief, specific performance, reformation, or prejudgment or postjudgment interest, arising from or relating in any way to the breaking or shattering of glass in

the door of a Covered Microwave, or relating in any way to the purchase or ownership of a Covered Microwave.  Claims for personal injury are excluded from the Released Claims.

20.     The term "Releasors" means any and all Settlement Class Members, as well as their respective present and former heirs, executors, trustees, administrators, assigns, subrogees, agents, attorneys and any of their legal representatives, and any entities or persons on whose behalf the Settlement Class Member is or was authorized to act, and all past and present officers, directors, agents, attorneys, employees, stockholders, successors, assigns, insurers, reinsurers, independent contractors, and legal representatives of any such persons or entities, but only to the extent such other persons or entities listed in this paragraph are acting, or purporting to act, on behalf of, or in the shoes of, a Settlement Class Member.

21.     The term "Releasees" or "Released Entities" means (a) GE (as defined in Paragraph 9 above), Haier US Appliance Solutions, Inc. d/b/a GE Appliances, a Haier Company, Samsung Electronics America, Inc. ("SEA"), and Samsung Electronics Co., Ltd. ("SEC") (SEA and SEC are collectively referred to as "Samsung"); (b) all of the past and present divisions, parent entities, affiliates, and subsidiaries of the entities and/or persons listed in Subparagraph 21(a); (c) all distributors, retailers, resellers, wholesalers, component suppliers, and other entities who were or are in the chain of design, testing, manufacture, assembly, distribution, marketing, sale, installation, or servicing of the Covered Microwaves; (d) all past and present officers, directors, agents, attorneys, employees, stockholders, successors, assigns, insurers, reinsurers, independent contractors, and legal representatives of the entities and/or persons listed in Subparagraphs 21(a)-(c); and (e) all of the heirs, estates, successors, assigns, and legal representatives of any of the entities or persons listed in this Paragraph.

22.     The term "Product Safety Database" means the database created and maintained by GE compiling information from consumers regarding certain types of issues they have reported to GE with respect to GE products prior to the date of the Preliminary Approval Order. Portions of the Safety Database received by GE up to and including August 9, 2016 relevant to the Covered Microwaves have been produced in the Civil Action in the documents bearing Bates Stamps GE_RC001318, GE_RC063558,  GE_RC068171, GE_RC068193, GE_RC068194, GE_RC068195, GE_RC068219.

23.     The term "Settlement" means the settlement provided for by this Agreement.

24.     The term "Settlement Administrator" means Epiq Class Action & Claims Solutions, Inc. ("Epiq").

25.     The term "Settlement Class" or "Settlement Class Member" means all Class Members other than Settlement Class Opt-Outs. The Settlement Class includes the Settlement Class Representatives.

26.     The term "Settlement Class Counsel" means Hassan A. Zavareei, Esq., Anna C. Haac, Esq., Tycko & Zavareei, LLP, Robert A. Izard, Jr., Esq., Seth R. Klein, Esq., Mark P. Kindall, Esq., and Izard, Kindall & Raabe, LLP.

27.     The term "Settlement Class Opt-Out" means any person or entity falling within the definition of the Class set forth in Paragraph 4 of this Agreement who timely and validly

submits a request for exclusion from the Settlement Class in accordance with the procedures set forth in Paragraph 38.h of this Agreement and the Settlement Notice.

28.     The term "Settlement Class Period" means January 1, 1995 through the date of the entry of the Preliminary Approval Order.

29.     The term "Settlement Class Representatives" means Glen Grayson, Doreen Mazzanti, Daniel Levy, David Mequet, and Lauren Harris and/or any substitute or additional class representatives later named in the Civil Action with approval of the Court.

30.     The term "Settlement Court" or "Court" means the United States District Court for the District of Connecticut.

31.     The term "Settlement Notice" means the notice to be provided by the Settlement Administrator to the Class pursuant to Federal Rule of Civil Procedure 23(e)(1).  The parties' proposed Settlement Notices are attached as Exhibit A (mailed notice), Exhibit B (email notice), Exhibit C (distributor notice with cover letter), and Exhibit D (long notice available on the settlement website and from the Settlement Administrator upon request) hereto.

32.     The term "Unknown Claims" means any claim and its related relief and/or damages arising out of newly discovered facts and/or facts found hereafter to be other than or different from the facts now believed to be true.

33.     The term "Valid Claim" means a Claim Form that (1) is timely submitted by a Settlement Class Member in accordance with the requirements of the Preliminary Approval Order, and (2) contains the documentation required by Paragraph 39 of this Agreement and thereby demonstrates that the Settlement Class Member is eligible to receive one or more of the benefits provided under Paragraph 39 of this Agreement.

## II.   <u>IMPLEMENTATION OF SETTLEMENT</u>

34.     <u>Reasonable Best Efforts to Effectuate This Settlement</u>.  Consistent with the terms of this Agreement and notwithstanding the rights of the Parties to terminate this Agreement at certain times, the Parties and their counsel agree to use their reasonable best efforts, including all steps and efforts contemplated by this Agreement and any other reasonable steps and efforts that may be necessary or appropriate, by order of the Settlement Court or otherwise, to carry out the terms of this Agreement.

35.     <u>Motion for Preliminary Approval</u>.  Following the execution of this Agreement, Settlement Class Counsel shall promptly file the Motion for Preliminary Approval, seeking entry of the Preliminary Approval Order.

36.     <u>Motion to Certify Class for Settlement Purposes Only</u>.  In the Motion for Preliminary Approval, the Settlement Class Representatives shall ask the Court to certify the Class for settlement purposes only, which order will be requested to supersede or amend the Court's order of March 7, 2017, certifying a litigation class.  The Parties acknowledge and agree and hereby stipulate that: (i) GE reserves the right to move for decertification of the previously-certified litigation class, and to appeal any of the Court's rulings with respect to class

certification and/or decertification, in the event this Agreement is terminated for any reason; and (ii) this Agreement shall have no precedential effect with regard to any other lawsuit against GE that may be pending now or in the future, other than in a proceeding seeking to enforce this Agreement.

37.    <u>Class Action Fairness Act Notice</u>.  Within 10 days after the filing of the Motion for Preliminary Approval, the Settlement Administrator shall give notice to the Attorney General of the United States and the Attorney General of each state or territory of the United States, serving on them the documents described in 28 U.S.C. § 1715(b)(1) through (8), as applicable.

38.    <u>Notice, Claim Forms, Opt-Outs and Objections</u>.

a.    <u>Notice to Class</u>.  In the event the Settlement Court enters the Preliminary Approval Order, the Settlement Administrator shall, in accordance with Fed. R. Civ. P. 23(e) and the Preliminary Approval Order, provide each Class Member who has been identified through GE's Product Safety Database, Factory Service Database, Oracle Service Cloud and Product Registration Database with a copy of the Settlement Notice, substantially in the form annexed hereto as Exhibit A. Within 30 days of entry of the Preliminary Approval Order, GE shall prepare a list of the names and last known mailing addresses and email addresses of potential Class Members identified as described above and a list of the ten largest distributors of the Covered Microwaves in each state in which the Settlement Class Members reside.  All costs of notice to the Class and fees of the Settlement Administrator shall be paid by GE.

b.    <u>Mailing of Notice to Class</u>.  Within 60 days of entry of the Preliminary Approval Order, the Settlement Administrator shall make reasonable efforts to update and correct addresses of Class Members provided by GE and then send the Settlement Notice to each Class Member for whom GE has identified a last known mailing address by first-class, postage prepaid U.S. mail addressed to each Class Member's last known address or updated or corrected address identified by the Settlement Administrator. If the mailing to a Class Member is returned undeliverable, the Settlement Administrator will make reasonable efforts to identify a new address for that Class Member and promptly re-send the Settlement Notice to that Class Member. Only one re-mailing shall be required, if a new address can be located. If a re-mailing is returned undeliverable, the Settlement Administrator will not make further attempts.

c.    <u>Email Notice to the Class</u>.  Within 60 days of entry of the Preliminary Approval Order, the Settlement Administrator shall send the Settlement Notice to the Class Members by email to each Class Member for whom GE has identified a last known email address.  The proposed email notice is attached as Exhibit B hereto.  All documents constituting the Settlement Notice shall be included in the email as email attachments.

d.    <u>Notice to Distributors</u>.  Within 60 days of entry of the Preliminary Approval Order, the Settlement Administrator shall send the Settlement Notice with a cover letter.  The text of the proposed distributor notice and cover letter are attached as Exhibit C hereto. This notice will be sent to the ten largest distributors of the Covered Microwaves (identified separately with respect to the JEB models and ZMC models) in the United States, as reasonably identified by GE based on reasonably available information, to the extent that GE is able to locate records for the Class Period or a portion thereof.

e.    <u>Internet/Social Media Notice</u>.  The Settlement Administrator shall place advertisements on a combined ad network comprised of Google, DoubleClick and Yahoo, with a total cost not to materially exceed $124,308.  The content of these advertisements shall be approved by both Parties, shall identify the specific microwave models constituting the Covered Microwaves and their years of manufacture, shall make reference to a class action settlement, and shall direct readers to the website described in Paragraph 38.f of this Agreement.  The keywords and key phrases used to determine what Google and Facebook searches are populated with the advertisements shall be approved by both Parties and shall be targeted to specific microwave models constituting the Covered Microwaves or to the occurrence of glass breakage in microwave ovens.

f.    <u>Website</u>.  The Settlement Administrator shall maintain a website, beginning on or before the date on which the Settlement Notice is mailed and through the date of the final disposition of all Individual Payments, that includes copies of any currently operative scheduling order, the Complaint, this Agreement, the Settlement Notice, a copy of the Claim Form, the Motion for Preliminary Approval, the Preliminary Approval Order, any motions filed seeking attorneys' fees or costs for Settlement Class Counsel and/or a Service Award for the Settlement Class Representatives, the Motion for Final Approval, and (after it is entered by the Court) the Order and Final Judgment.  The website shall also include a "Frequently Asked Questions" page with content drawn from the Settlement Notice and agreed to by the Parties.

g.    <u>Claim Form</u>.  In order to participate in the Settlement Class, a Class Member must timely submit to the Settlement Administrator via a Claim Form, along with any supporting documents required pursuant to Paragraph 39 of this Agreement. Class Members may submit an online Claim Form through a website maintained by the Settlement Administrator, or alternatively may submit a Claim Form by U.S. mail to the Settlement Administrator. For those Class Members who receive mailed notice, the website will require them to enter an alphanumeric code printed on their mailed notice in order to access the online Claim Form. Any such Claim Form, in order to be timely, must be postmarked (or, where applicable, submitted online) by the deadline set forth in the Settlement Notice, which shall be at most 90 days after the date of entry of an Order and Final Judgment pursuant to Federal Rule of Civil Procedure 23(e).  The Claim Forms are attached to the Settlement Notice.  Claim Forms must be submitted individually, by a Class Member, not as or on behalf of a group, class, or subclass, except that a Claim Form may be submitted by a Class Member's legal representative.  All Class Members who do not submit a timely Claim Form and do not opt-out of the Settlement will be included in the Settlement Class and shall be bound by this Agreement, and their claims shall be released as provided for herein. Within 14 days after the deadline for submission of Claim Forms, the Settlement Administrator shall determine whether any Claim Forms are illegible. If the Settlement Administrator finds that a Claim Form is illegible, it shall notify Settlement Class Counsel by email, as well as the Class Member by mail (and email if available) within 5 days, who will have 14 days from when the letter from the Settlement Administrator is postmarked to resubmit a Claim Form.

h.    <u>Opt-Outs</u>.  A Class Member may opt out of the Settlement by submitting an opt-out request as instructed in the Settlement Notice.  Any such opt-out request, in order to be timely, must be made in a letter mailed to the Settlement Administrator and postmarked by the deadline set forth in the Settlement Notice, which shall be at most 120 days after entry of the

Preliminary Approval Order. Opt-out requests must be exercised individually by a Class Member, not as or on behalf of a group, class, or subclass, except that such opt-out requests may be submitted by a Class Member's legal representative. A list of Class Members submitting a timely opt-out request shall be submitted to the Court with the Motion for Final Approval. All Class Members who do not timely and properly opt out of the Class shall be bound by this Agreement, and their claims shall be released as provided for herein. A Class Member is not entitled to submit both an opt-out request and a Claim Form. If a Class Member submits both an opt-out request and a Claim Form, the Settlement Administrator will send a letter (and email if email address is available) explaining that the Class Member may not make both of these requests, and asking the Class Member to make a final decision as to whether to opt out or submit a Claim Form and inform the Settlement Administrator of that decision within 10 days from when the letter from the Settlement Administrator is postmarked. If the Class Member does not respond to that communication by letter postmarked or email sent within 10 days after the Settlement Administrator's letter was postmarked (or by the Opt-Out deadline, whichever is later), the Class Member will be treated as having opted out of the Class.

        i.     <u>Objections</u>. Any Class Member may, as instructed in the Settlement Notice, mail an objection to the Settlement to the Clerk of Court as instructed in the Settlement Notice, or may file a motion to intervene. For an objection to be considered by the Court, the objection must:

        (1) clearly identify the case name and number (*Grayson v. General Electric Company*, Case No. 3:13-cv-01799-WWE);

        (2) identify the objector's full name, address, email address, and telephone number;

        (3) provide an explanation of the basis upon which the objector claims to be a Settlement Class Member;

        (4) identify all grounds for the objection, accompanied by any legal support for the objection;

        (5) include the identity of all counsel who represent the objector, including any former or current counsel who may seek compensation for any reason related to the objection to the Settlement, the fee application, or the application for Service Awards;

        (6) include a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing;

        (7) include a list of any persons who will be called to testify at the Final Approval Hearing in support of the objection;

        (8) include all documentary evidence that will be offered at the Final Approval Hearing in support of the objection;

(9) identify all counsel representing the objector who will appear at the Final Approval Hearing;

(10) include the objector's signature (an attorney's signature is not sufficient);

(11) be submitted to the Court either by mailing them to the Clerk of Court, Brien McMahon Federal Building, United States District Court, 915 Lafayette Boulevard, Bridgeport, CT 06604, or by filing them in person at any location of the United States District Court for the District of Connecticut, with a copy to GE Counsel and Settlement Class Counsel; and

(12) be filed or postmarked on or before the deadline set forth in the Settlement Notice, which shall be at most 120 days after entry of the Preliminary Approval Order.

Any Class Member who has timely filed an objection in compliance with this paragraph may appear at the Final Approval Hearing to be scheduled by the Court, in person or by counsel, and be heard to the extent allowed by the Court, applying applicable law, in opposition to the fairness, reasonableness, and adequacy of the proposed settlement, and on the applications for awards of attorneys' fees and costs and any enhancement award. The right to object to the Settlement or to intervene in the Civil Action must be exercised individually by a Class Member or his or her attorney, and not as a member of a group, class, or subclass, except that an objection or a motion to intervene may be submitted by a Class Member's legally authorized representative.

Class Members who file objections are still entitled to receive benefits under the Settlement if it is approved, but they must submit a timely Claim Form to do so. Submitting a timely Claim Form does not waive an objection to the Settlement.

Class Members have the right to opt out of the Settlement and pursue a separate and independent remedy by submitting an opt-out request as described in Paragraph 38.h of this Agreement. Class Members who object to the Settlement shall remain Class Members, and have voluntarily waived their right to pursue an independent remedy. To the extent any Class Member objects to the Settlement, and such objection is overruled in whole or in part, such Class Member will be forever bound by the Order and Final Judgment. Class Members can avoid being bound by any judgment of the Court by opting out as described in Paragraph 38.h of this Agreement. A Class Member is not entitled to submit both an opt-out request and an objection. If a Class Member submits both an opt-out request and an objection, the Settlement Administrator will send a letter (and email if email address is available) explaining that the Class Member may not make both of these requests, and asking the Class Member to make a final decision as to whether to opt out or object and inform the Settlement Administrator of that decision within 10 days from when the letter from the Settlement Administrator is postmarked. If the Class Member does not respond to that communication by letter postmarked or email sent within 10 days after the Settlement Administrator's letter was postmarked (or by the objection deadline, whichever is later), the Class Member will be treated as having opted out of the Class, and the objection will not be considered, subject to the Court's discretion.

39. <u>Individual Payments</u>. The amount to be paid or discount to be provided (as applicable) to each Settlement Class Member who submits a Valid Claim by the deadline under the terms of this Agreement is as follows:

    a. Any Settlement Class Member who sufficiently demonstrates that his or her Covered Microwave oven door experienced glass breakage or shattering at any time prior to the date that is 90 days after the entry of an Order and Final Judgment pursuant to Federal Rule of Civil Procedure 23(e) shall receive $300.

    In order to receive the $300 payment, a Settlement Class Member must submit the following proof with his or her Claim Form:

        i. If the Settlement Class Member's glass breakage or shattering incident is listed in the Product Safety Database prior to the date of the Preliminary Approval Order, he or she must submit a signed statement under the penalty of perjury pursuant to 28 U.S.C. § 1746 verifying that he or she is the person whose incident is listed in the Product Safety Database (or is a member of the same household as the person who made the report, although only one $300 payment will be made per Covered Microwave and per household; in the event of more than one Valid Claim being submitted for a single household, the $300 will be divided pro rata among each claimant submitting a Valid Claim).

        ii. If the Settlement Class Member's glass breakage or shattering incident is not listed in the Product Safety Database prior to the date of the Preliminary Approval Order, he or she must submit (1) a signed statement under the penalty of perjury pursuant to 28 U.S.C. § 1746 verifying that the he or she purchased or owned the Covered Microwave oven and experienced glass breakage or shattering of the Covered Microwave oven door, explaining why the incident was never reported, and describing the incident in detail; (2) a photo of the glass breakage or shattering, or other sufficient proof that GE and Settlement Class Counsel can evaluate; and (3) either a purchase receipt, a photograph of the Covered Microwave oven sufficient to prove current or former ownership, or the serial number of the Covered Microwave oven along with the date of purchase and color of the Covered Microwave oven. For purposes of determining the validity of such claim as set forth in Paragraph 40 below, GE shall in good faith consider whether the Settlement Class Member's claimed glass breakage or shattering incident and/or other required information is included in GE's Factory Service Database, Oracle Service Cloud, and/or Product Registration Database. GE shall not, however, be required to conduct more than one new search of its databases, which shall be conducted for purposes of and at the time of creating the list of potential class members as provided in Paragraph 38(a) above.

    b. Any Settlement Class Member who purchased a Covered Microwave and still owns such microwave as of 90 days after the entry of an Order and Final

Judgment pursuant to Federal Rule of Civil Procedure 23(e) and has never experienced glass breakage or shattering of the Covered Microwave oven door shall receive $5.  In order to receive the $5 payment, he or she must submit the following proof with his or her Claim Form: (1) a signed statement under the penalty of perjury pursuant to 28 U.S.C. § 1746 verifying that he or she purchased or owned the Covered Microwave oven and still owns the Covered Microwave oven; (2) the Covered Microwave oven's serial number; and (3) either a purchase receipt or a photograph of the Covered Microwave oven (time stamped within thirty days of the date the Claim Form is signed). For purposes of determining the validity of such claim as set forth in Paragraph 40 below, GE shall in good faith consider whether the Settlement Class Member's purchase is supported by information available in GE's Product Safety Database, Factory Service Database, Oracle Service Cloud or Product Registration Database.

c.   Any Settlement Class Member who purchased a Covered Microwave and no longer owns such microwave as of the date of the entry of an Order and Final Judgment pursuant to Federal Rule of Civil Procedure 23(e) and has never experienced glass breakage or shattering of the Covered Microwave oven door shall receive a certificate entitling the Settlement Class Member to a $5 rebate on the purchase of a GE microwave oven, good for 180 days after the entry of an Order and Final Judgment.  In order to receive the $5 rebate certificate, he or she must submit the following proof with his or her Claim Form: (1) a signed statement under the penalty of perjury pursuant to 28 U.S.C. § 1746 verifying that he or she purchased the Covered Microwave oven; and (2) either a purchase receipt, a photograph of the Covered Microwave oven sufficient to prove former ownership, or the serial number of the Covered Microwave oven along with the date of purchase and color of the Covered Microwave oven. For purposes of determining the validity of such claim as set forth in Paragraph 40 below, GE shall in good faith consider whether the Settlement Class Member's purchase is supported by information available in GE's Product Safety Database, Factory Service Database, or Oracle Service Cloud and Product Registration Database. A Settlement Class Member receiving the rebate certificate can obtain the $5 payment from the Settlement Administrator by returning to the Settlement Administrator by U.S. mail postmarked within 180 days after the Order and Final Judgment the certificate together with a receipt for the purchase of a GE microwave oven during the 180-day period.

40.   <u>Determination and Notice of Validity of Claims and Amount of Individual Payments; Dispute Resolution</u>.  The Settlement Administrator shall forward all Claim Forms and the materials submitted therewith to GE.  Within 60 days after the deadline for the submission of Claim Forms, GE shall, applying the requirements set forth in Paragraph 39 of this Agreement, make an initial determination regarding the validity of each claim and the amount of the Individual Payment to which each person making a Valid Claim is entitled.  If GE determines that a claim is an Invalid Claim, the Claim Form and the materials submitted therewith shall be provided to Settlement Class Counsel.  If Settlement Class Counsel believes that the claim is a Valid Claim, GE Counsel and Settlement Class Counsel shall negotiate in good faith to attempt

to resolve the dispute within 30 days from the date on which Settlement Class Counsel receives the Claim Form and the materials submitted therewith.

    a. If GE Counsel and Settlement Class Counsel agree that the claim is a Valid Claim, the Settlement Administrator shall so notify the Claimant by letter (and email if email address is available).  The Claimant shall receive the Individual Payment to which he or she is entitled pursuant to Paragraph 39 of this Agreement.

    b. If GE Counsel and Settlement Class Counsel agree that the claim is an Invalid Claim, the Settlement Administrator shall so notify the Claimant by letter (and email if email address is available).  If the Claimant wishes to contest GE Counsel's and Settlement Class Counsel's agreed resolution, the Claimant shall send a letter to the Settlement Administrator so stating, postmarked within 30 days of the postmark date of the letter advising the Claimant of the determination by GE Counsel and Settlement Class Counsel.  If the Claimant timely submits such a letter, the dispute shall be submitted to the Neutral Evaluator for resolution in accordance with Paragraphs 40.d and 40.e of this Agreement.

    c. If GE Counsel and Settlement Class Counsel do not agree regarding whether the claim is a Valid Claim, the dispute shall be submitted to the Neutral Evaluator for resolution in accordance with Paragraphs 40.d and 40.e of this Agreement.

    d. For each claim submitted to the Neutral Evaluator for resolution, the Neutral Evaluator shall determine the validity of the claim and, if the claim is a Valid Claim, the amount of the Individual Payment, based solely on the Claim Form, the materials submitted therewith, and any written submissions of GE Counsel and Settlement Class Counsel.  For purposes of considering the validity of the claim, the Neutral Evaluator shall consider whether the Settlement Class Member's claim is supported by information available in GE's Product Safety Database, Factory Service Database, Oracle Service Cloud or Product Registration Database. (GE shall not, however, be required to conduct more than one new search of its databases, which shall be conducted for purposes of and at the time of creating the list of potential class members as provided in Paragraph 38(a) above.) GE Counsel and/or Settlement Class Counsel may also submit information from the Factory Service Database and/or Oracle Service Cloud (formerly known as Siebel Database) if so desired, and the Neutral Evaluator may consider that information in his or her discretion. Any written submissions of GE Counsel and Settlement Class Counsel shall be provided to the Neutral Evaluator within 21 days of the failure of GE Counsel and Settlement Class Counsel to reach agreement regarding the validity of the claim.  Within 30 days of receiving these submissions, the Neutral Evaluator shall report, in writing, his or her decision regarding the validity of the claim and, if claim is a Valid Claim, the amount of the Individual Payment.  The Neutral Evaluator shall not have the authority to award any amount other than the Individual Payment due under this Agreement and may not award attorneys' fees or costs.  The Neutral Evaluator shall send the written decision to GE Counsel, Settlement Class Counsel, and the

12

Settlement Administrator.  The Settlement Administrator shall notify the Claimant of the Neutral Evaluator's decision by letter.  The Neutral Evaluator's decision shall be final and binding without any further right of appeal or objection.  The Parties and their counsel shall not be liable for any act, or failure to act, of any Neutral Evaluator acting pursuant to this Agreement.  GE shall pay the Neutral Evaluator a fee of $500 per hour for the time necessary to resolve any dispute requiring resolution by the Neutral Evaluator.

e.  In lieu of participating in the Neutral Evaluator process, GE shall have the option of paying any Settlement Class Member who wishes to contest GE Counsel's and Settlement Class Counsel's agreed resolution the amount to which the Settlement Class Member claims to be entitled.

41.    <u>Motion for Final Approval</u>.  In accordance with a schedule to be established by the Court, Settlement Class Counsel shall file a Motion for Final Approval in a form to be prepared and agreed upon by Settlement Class Counsel and GE Counsel, seeking entry of an Order and Final Judgment pursuant to Federal Rule of Civil Procedure 23(e).

42.    <u>Entry of Final Judgment</u>.  If, after the Final Approval Hearing scheduled by the Settlement Court in the Preliminary Approval Order, the Settlement Court approves this Agreement, then Settlement Class Counsel shall request that the Settlement Court enter an Order and Final Judgment pursuant to Federal Rule of Civil Procedure 23(e), and that the Court retain jurisdiction to enforce the terms of the Order and Final Judgment.

43.    <u>Effective Date of Settlement</u>.  The Settlement shall be effective on the first date after all of the following events have occurred:  (1) entry of the Preliminary Approval Order substantially in the form submitted by the parties, or entry of a preliminary approval order not substantially in the form submitted by the parties, with respect to which neither GE nor Settlement Class Counsel invoke their termination rights within the period prescribed in Paragraph 54 of this Agreement; (2) final approval by the Settlement Court of this Agreement, following notice to the Class and a Final Approval Hearing, as prescribed by Fed. R. Civ. P. 23(e); (3) entry by the Settlement Court of an Order and Final Judgment, in a form not materially inconsistent with this Agreement; and (4) if any Settlement Class Member files an objection to the Settlement, the expiration of any time for appeal or review (including by writ of certiorari or otherwise) of such Order and Final Judgment, or, if any appeal is filed, after such Order and Final Judgment is upheld on appeal in all material respects and is no longer subject to review on appeal or review by writ of certiorari.

44.    <u>Settlement Consideration</u>.  Subject to the provisions hereof, and in full, complete and final settlement of all Released Claims as provided herein, within 30 days following the determination of all Individual Payment Amounts pursuant to Paragraph 39 of this Agreement, GE shall provide funds to the Settlement Administrator sufficient to pay the Individual Payments, which funds shall be held by the Settlement Administrator in a Qualified Settlement Fund. Within 14 days thereafter, if the Effective Date has occurred, the Settlement Administrator shall pay the Individual Payments to all Settlement Class Members.  If the Effective Date has not occurred at the time of the determination of all Individual Payment Amounts pursuant to Paragraph 39 of this Agreement, the Settlement Administrator shall pay the Individual Payments

to all Settlement Class Members within 14 days after the Effective Date occurs. Such payments shall be made by check or draft made payable to the Settlement Class Member and mailed by the Settlement Administrator to his or her last known mailing address or any updated address provided by the Settlement Class Member to the Settlement Administrator.  In the event that the amount of an Individual Payment changes as a result of resolution of a dispute under Paragraphs 40.d and 40.e of this Agreement, within 30 days of the final resolution of that dispute, GE shall pay, directly to the Settlement Class Member, any additional amount determined to be owed. Payment of the Individual Payments shall completely fulfill GE's monetary obligations under this Agreement to the Settlement Class and GE shall have no further monetary liability or responsibility to the Settlement Class with respect to the Released Claims. All other terms of this Agreement, including the Releases set forth in Section III below, shall remain in effect. Any rights to Individual Payments under this Agreement shall inure solely to the benefit of Settlement Class Members and their estates or heirs, and are not otherwise transferable or assignable to others.

45.     Uncashed Checks.  In the event that a check or draft issued to a Settlement Class Member is not negotiated within 180 days of the check or draft being mailed, efforts shall be made by the Settlement Administrator and/or Settlement Class Counsel to contact the Class Member to cash the check. If such efforts are unsuccessful, such funds shall be subject to escheatment, and GE shall have no further monetary liability or responsibility to that individual. Any funds provided to the Settlement Administrator for the purpose of funding rebates as described in Paragraph 39.c., if the rebate is not claimed, shall revert to GE.

46.     Attorneys' Fees and Expenses; Service Award to the Settlement Class Representatives.  The Settlement Class Representatives may submit a Claim Form and receive an Individual Payment in accordance with Paragraph 39 of this Agreement.  GE also agrees to pay the Settlement Class Representatives, separately from the amounts paid to the Settlement Class Members, a service award in recognition of their service in bringing the Civil Action on behalf of the Class (the "Service Award"), if such an award is approved by the Court, and to pay Settlement Class Counsel attorneys' fees and costs as awarded by the Court, provided that the combined Service Awards, attorneys' fees, and costs do not exceed $1,350,000.  The Parties agree that any award of attorneys' fees and costs and any Service Award in this action are committed to the sole discretion of the Settlement Court within the limitations set forth in this paragraph.  Settlement Class Counsel shall file any motion for attorneys' fees and expenses no later than 14 days before the deadline for objections to the Settlement, and a copy of the motion shall be placed on the Settlement Administrator's website.  Any motion of the Settlement Class Representatives for an Service Awards must be filed with the Court no later than 14 days before the deadline for objections to the Settlement, and posted on the Settlement Administrator's website.  The Settlement Court shall determine the appropriate amount of any attorneys' fees and costs to be paid to Settlement Class Counsel and the appropriate amount of any Service Awards in the Settlement Court's discretion, except that the combined amount of attorneys' fees and costs paid to Settlement Class Counsel and the Enhancement Award paid to the Settlement Class representatives shall not exceed $1,350,000.  Settlement Class Counsel has agreed not to accept any award of attorneys' fees and costs where the combined Service Awards, attorneys' fees, and costs exceed $1,350,000.  The Settlement Class Representatives have agreed not to accept any Service Awards where the combined Service Awards, attorneys' fees, and costs exceed $1,350,000.  GE agrees not to oppose any applications for Service Awards and attorneys' fees

14

and costs where the combined Service Awards, attorneys' fees, and costs do not exceed $1,350,000. If the Settlement Court chooses, in its sole discretion, to award attorneys' fees and costs and Service Awards that are lower than the maximum combined amount that may be sought under this paragraph, this Agreement shall remain fully enforceable, and GE shall be obligated to pay only the amounts awarded by the Settlement Court. Upon payment of the attorneys' fees and costs as awarded by the Settlement Court in its discretion, Settlement Class Counsel shall release and forever discharge any claims, demands, actions, suits, causes of action, or other liabilities relating to any attorneys' fees or expenses incurred in the Civil Action as to GE. Any attorneys' fees and expenses and Service Awards awarded by the Settlement Court in accordance with this paragraph shall be paid by wire transfer to Settlement Class Counsel within 30 days after entry of an order granting final approval of the Agreement and the attorneys' fees and expenses, if no Settlement Class Member submitted an objection to approval of the Agreement or attorneys' fees and expenses. If any Settlement Class Member submitted such an objection, payment shall be made within 30 days after the Effective Date. In order to receive such payment, no more than 21 days before the payment is due, Settlement Class Counsel must provide to GE Counsel a completed and signed IRS Form W-9 (Request for Taxpayer Identification Number and Certification), a written invoice, certificate of good standing and/or certificate of limited liability partnership from the Secretary of State of the applicable jurisdiction in which Settlement Class Counsel's law firms are registered to do business. Settlement Class Counsel and the Settlement Class Representatives agree that any federal, state, municipal, or other taxes, contributions, or withholdings that may be owed or payable by them, or any tax liens that may be imposed, on the sums paid to them pursuant to this paragraph are their sole and exclusive responsibility, and any amount required to be withheld for tax purposes (if any) will be deducted from those payments.

      47.    <u>Responsibility for Certain Potential Costs Incurred by Settlement Class Counsel</u>. GE shall not be responsible for any cost that may be incurred by the Class or Settlement Class Counsel in: (a) responding to inquiries about the Agreement, the Settlement, or the Civil Action; (b) defending the Agreement or the Settlement against any challenge to it; or (c) defending against any challenge to any order or judgment entered pursuant to the Agreement, unless otherwise specifically agreed, except that GE shall pay the costs incurred by the Settlement Administrator to prepare declarations, affidavits, or status reports at the request of the Parties or the Settlement Court for the purpose of obtaining preliminary or final approval of the Settlement or for staying informed of developments in the Settlement.

      48.    <u>All Claims Satisfied; Covenant Not to Sue</u>. Each Settlement Class Member shall look solely to the relief described in Paragraphs 39 through 40 of this Agreement for settlement and satisfaction, as provided herein, of all Released Claims. The Settlement Class Representatives, on behalf of themselves and the Settlement Class Members, (1) covenant and agree that neither the Settlement Class Representatives nor any of the Settlement Class Members, nor anyone authorized to act on behalf of any of them, will commence, authorize, or accept any benefit from any judicial or administrative action or proceeding, other than as expressly provided for in this Agreement, against the Released Entities, or any of them, in either their personal or corporate capacity, with respect to any claim, matter, or issue that in any way arises from, is based on, or relates to, any alleged loss, harm, or damages allegedly caused by the Released Entities, or any of them, in connection with the Released Claims; (2) waive and disclaim any right to any form of recovery, compensation, or other remedy in any such action or proceeding

brought by, or on behalf of, any of them or any putative class of owners or purchasers of the Covered Microwaves over the Released Claims; and (3) agree that this Agreement shall be a complete bar to any such action by any Settlement Class Representative or Settlement Class Member.

## III.  **RELEASES AND JURISDICTION OF COURT**

49.    Release of Released Entities.  Upon the Effective Date of this Agreement, the Released Entities shall be released and forever discharged from any Released Claims that any Releasor has or may have had. All Releasors covenant and agree that they shall not hereafter seek to establish liability against any Released Entity based, in whole or in part, on any of the Released Claims. Upon the Effective Date, all Releasors will be forever barred and enjoined from commencing, filing, initiating, instituting, prosecuting, maintaining, or consenting to any action against any Released Entity with respect to the Released Claims.

50.    Waivers of Provisions of Law Limiting the Release of Unknown or Unsuspected Claims.  The Settlement Class Representatives and all Settlement Class Members hereby expressly, knowingly, and voluntarily waive the provisions of any state, federal, municipal, local, or territorial law or statute providing in substance that releases shall not extend to claims, demands, injuries, and/or damages that are unknown or unsuspected to exist at the time a settlement agreement is executed and/or approved by a court.  The Settlement Class Representatives and all Settlement Class Members expressly acknowledge and assume all risk, chance, or hazard that the damage allegedly suffered may be different, or may become progressive, greater, or more extensive than is now known, anticipated, or expected. Furthermore, the Settlement Class Representatives and all Settlement Class Members specifically release any right they may now or hereafter have to reform, rescind, modify, or set aside this Release or this Agreement through mutual or unilateral mistake or otherwise; and they assume the risk of such uncertainty and mistake with respect to the consideration herein mentioned and with respect to this being a final settlement.

51.    California Civil Code Section 1542 Waiver.  Without limiting Paragraph 50 above, as to the Released Claims, all Releasors waive all rights and benefits afforded by Section 1542 of the Civil Code of the State of California, and do so understanding the significance of that waiver. Section 1542 provides:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

Notwithstanding the provisions of section 1542, or any other law designed to prevent the waiver of unknown claims, and for the purpose of implementing a full and complete release and discharge of all Released Claims against all Released Entities, Releasors expressly acknowledge that this Agreement is intended to include in its effect, without limitation, all of the Released Claims that Releasors do not know or suspect to exist in their favor against the Released Entities,

or any of them, at the time of execution hereof, and that this Agreement extinguishes any such claims.

52. <u>Consent to Jurisdiction</u>.  The Parties hereby irrevocably submit to the exclusive jurisdiction of the Settlement Court for purposes of any suit, action, proceeding or dispute arising out of, or relating to, this Agreement or the applicability of this Agreement.

53. <u>Resolution of Disputes; Retention of Jurisdiction</u>.  Any disputes between or among the Parties concerning matters contained in this Agreement shall, if they cannot be resolved by negotiation and agreement, be submitted to the Settlement Court for resolution. The Settlement Court shall retain jurisdiction over the implementation and enforcement of this Agreement.

## IV.   **TERMINATION OF THE AGREEMENT**

54. <u>Rejection or Material Alteration of Settlement Terms</u>.  GE and the Settlement Class Counsel (with the consent of the Settlement Class Representatives) shall each have the right to terminate this Agreement by providing written notice of their election to do so to each other within 14 days of (1) the Settlement Court declining to enter the Preliminary Approval Order without material alteration from the form submitted jointly by the parties, or declining to approve the Settlement Notice without material alteration from the form submitted jointly by the parties; (2) the Settlement Court declining to enter the Order and Final Judgment in a form not materially inconsistent with this Agreement; (3) the date upon which the Order and Final Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Second Circuit or the Supreme Court of the United States (except with respect to the amount of the attorneys' fees and costs or Service Awards); (4) the mutual agreement of the Settlement Class Representatives, Settlement Class Counsel, and GE to terminate the Agreement. GE shall also have the right to terminate this Agreement by providing written notice of its election to do so to Settlement Class Counsel within 14 days of: (5) the date upon which the deadline for opting out of the Class has expired and 100 or more Class Members have declined to participate in the Settlement by opting out of the Settlement Class in accordance with Paragraph 38.h of this Agreement; or (6) any financial obligation is imposed upon GE in addition to and/or greater than those specifically accepted by GE in this Agreement.  If an option to terminate this Agreement arises under this paragraph, no Party is required for any reason or under any circumstance to exercise that option.

55. <u>Return to Pre-Agreement Status</u>.  In the event any of the Parties exercise the right of termination enumerated in Paragraph 54 of this Agreement, this Agreement shall be null and void (except for provisions explicitly designated as surviving the termination of this Agreement), the Parties shall jointly request that any orders entered by the Court in accordance with this Agreement be vacated, and the rights and obligations of the Parties shall be identical to those prior to the execution of this Agreement (except with respect to provisions explicitly designated as surviving the termination of this Agreement).  In the event either Party exercises any right of termination, the Parties agree to jointly request that the Court provide a reasonable opportunity to file motions and engage in such other further proceedings as were contemplated before the Parties entered into this Agreement.

56. <u>No Admission of Liability / Compromise of Disputed Claims</u>.  The Parties hereto agree that this Agreement, whether or not the Effective Date occurs, and any and all negotiations, documents and discussions associated with this Agreement shall not be deemed or construed to be an admission or evidence of any violation of any statute or law, of any liability or wrongdoing by GE or any Released Entity, or of the truth of any of the claims or allegations contained in Complaint; and evidence thereof shall not be discoverable or used directly or indirectly by the Class or any third party, in any way for any purpose, except that the provisions of this Agreement may be used by the Parties to enforce its terms, whether in the Civil Action or in any other action or proceeding. This Agreement, all discussions leading thereto, and all of the terms herein constitute compromises and offers to compromise under Fed. R. Evid. 408 and any similar state court rule or statute precluding admissibility thereof as evidence of the validity or amount of a disputed claim.  In the event that this Agreement is terminated pursuant to Paragraph 54 of this Agreement, nothing in this Agreement or its negotiation may be used as evidence in any action. The Parties expressly waive the potential applicability of any doctrine, case law, statute, or regulation, which, in the absence of this paragraph of this Agreement, could or would otherwise permit the admissibility into evidence of the matters referred to in this paragraph.  The Parties expressly reserve all their rights and defenses if this Agreement does not become final and effective substantially in accordance with the terms of this Agreement. The Parties also agree that this Agreement, any orders, pleadings or other documents entered in furtherance of this Agreement, and any acts in the performance of this Agreement are not intended to be, nor shall they in fact be, admissible, discoverable or relevant in any other case or other proceeding against GE to establish grounds for certification of any class, to prove either the acceptance by any Party hereto of any particular legal theory, or as evidence of any obligation that any Party hereto has or may have to anyone. This provision shall survive any termination of this Agreement.

## V.   **REPRESENTATIONS AND WARRANTIES**

57. <u>Authorization to Enter This Agreement</u>.  The undersigned representative of GE represents and warrants that he or she is fully authorized to enter into and to execute this Agreement on behalf of GE.  Settlement Class Counsel represent and warrant that they are fully authorized to conduct settlement negotiations with GE Counsel on behalf of the Settlement Class Representative and to enter into, and to execute, this Agreement on behalf of the Settlement Class Representatives and the Settlement Class, subject to Settlement Court approval pursuant to Fed. R. Civ. P. 23(e).

58. <u>Assignment</u>.  The Settlement Class Representatives represent and warrant that they have not assigned or transferred any interest in the Civil Action which is the subject of this Agreement, in whole or in part.

59. <u>Representation</u>.  The Settlement Class Representatives acknowledge that they have been represented by counsel of their own choosing in the Civil Action and the negotiation and execution of this Agreement, that they participated in the settlement negotiations and the decision to enter into this Agreement, that they fully understand this Agreement, and that they have had a reasonable and sufficient opportunity to consult with counsel before executing this Agreement.

## VI.   ADDITIONAL PROVISIONS

60.   Use of This Agreement.  The provisions of this Agreement, and any orders, pleadings or other documents entered in furtherance of this Agreement, may be offered or received in evidence solely (i) to enforce the terms and provisions hereof or thereof, (ii) as may be specifically authorized by a court of competent jurisdiction after hearing upon application of a Party hereto, (iii) in order to establish payment or a defense in a subsequent case, including res judicata, or (iv) to obtain Court approval of this Agreement.

61.   Binding Effect.  This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto.

62.   No Party is the Drafter.  This Agreement has been negotiated at arm's length, with the participation of the Parties and their counsel. In the event of a dispute arising out of this Agreement, none of the Parties shall be considered to be the drafter of this Agreement or any provision hereof for the purpose of any statute, case law or rule of construction that would or might cause any provision to be construed against the drafter hereof.

63.   Headings.  The headings to this Agreement have been inserted for convenience only and are not to be considered when construing the provisions of this Agreement.

64.   Construction.  This Agreement shall be construed and interpreted to effectuate the intent of the Parties, which is to provide, through this Agreement, for a complete resolution of the Released Claims with respect to the Released Entities.

65.   Choice of Law.  All terms of this Agreement shall be governed by and interpreted according to the substantive laws of the State of Connecticut, without regard to its choice of law or conflict of laws principles.

66.   Amendment or Waiver.  This Agreement shall not be modified in any respect except by a writing executed by all the Parties hereto, and the waiver of any rights conferred hereunder shall be effective only if made by written instrument of the waiving Party. The waiver by any Party of any breach of this Agreement shall not be deemed or construed as a waiver of any other breach of this Agreement, whether prior, subsequent or contemporaneous.

67.   Modification.  Prior to entry of the Order and Final Judgment, this Agreement may, with approval of the Court, be modified by written agreement of the Parties without giving any additional notice to the Settlement Class, provided that such modifications are not materially adverse to the Settlement Class.

68.   Execution in Counterparts.  This Agreement may be executed in counterparts. Facsimile signatures or signatures in PDF format shall be considered valid signatures as of the date thereof, and may be filed with the Settlement Court.

69.   Integrated Agreement.  This Agreement, including the exhibits hereto, contains an entire, complete, and integrated statement of each and every term and provision agreed to by and between the Parties hereto, and supersedes any prior oral or written agreements and

contemporaneous oral agreements among the Parties. The exhibits to this Agreement are integral parts of the Settlement and are hereby incorporated and made parts of this Agreement.

70.     Notices.  All notices and other communications required or permitted under this Agreement, other than requests for exclusion or objections to the Settlement, shall be in writing and delivered in person, by overnight delivery service or by facsimile. Any such notice shall be deemed given as of the date of receipt and shall be delivered to the Parties as follows:

If to the Settlement Class Representative, Settlement Class Counsel and/or the Settlement Class:

Hassan A. Zavareei
Anna C. Haac
Tycko & Zavareei, LLP
2000 L St., NW, Suite 808
Washington, DC 20036

With a copy to:

Robert A. Izard, Jr., Esq.
Seth R. Klein, Esq.
Mark P. Kindall, Esq.
Izard, Kindall & Raabe, LLP
29 South Main St., Suite 305
West Hartford, CT 06107

If to GE:

Jeffrey J. White, Esq.
John H. Kane, Esq.
Wystan M. Ackerman, Esq
Kevin P. Daly, Esq.
Robinson & Cole LLP
280 Trumbull St.
Hartford, CT 06103

71.     Severability.  In the event any one or more of the provisions contained in this Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision if the Parties mutually elect to proceed as if such invalid, illegal or unenforceable provision had never been included in the Agreement.

72.     Confidential Information.  Settlement Class Counsel and the Settlement Administrator shall keep confidential any confidential or proprietary information of GE and Samsung that has or may come into their possession in connection with the Civil Action or this Agreement. All personal identifying information of Class Members shall be treated as confidential. Any documents containing confidential information provided to Settlement Class Counsel shall be treated in accord with paragraph 28 of the Stipulated Confidentiality Agreement

and Protective Order entered in this Civil Action on July 29, 2014, except that the parties further agree that Settlement Class Counsel may keep copies of all Class Counsel work product and all documents filed under seal with the Court in conjunction with pleadings filed by either party and copies of all deposition testimony. All other confidential documents produced by GE in the litigation (and not filed with the Court without being sealed) shall be returned to GE or destroyed. In addition to the requirements set forth in this paragraph, Settlement Class Counsel shall continue to comply with the Stipulated Confidentiality Agreement and Protective Order dated July 29, 2014 (Docket Entry No. 39).

73.    Deadlines. In the event any date or deadline set forth in this Agreement falls on a weekend or federal or state legal holiday, such date or deadline shall be on the first business day thereafter.

74.    Retention of Records.  GE, the Settlement Administrator, and Settlement Class Counsel shall retain copies or images of all returned mailed notices, correspondence related thereto and settlement checks in their possession for a period of two (2) years after the Effective Date. After this time, the Settlement Administrator and Settlement Class Counsel shall destroy any such documentary records they have in their possession regarding the administration of the Settlement (including all Class Member information), and GE will have the option, in its sole discretion, to destroy such records.

75.    Contact With Class Members.  GE may communicate with Settlement Class Members in the ordinary course of its business.  GE will refer inquiries regarding this Agreement and the administration of the Settlement to the Settlement Administrator and Settlement Class Counsel.

SIGNED AND AGREED

**For the Settlement Class Representatives, the Settlement Class and Settlement Class Counsel:**

_____
Glen Grayson
Dated:


_____
Doreen Mazzanti
Dated:



_____
Daniel Levy
Dated:

21

_____
David Mequet
Dated:


_____
Lauren Harris
Dated:


_____
Hassan A. Zavareei
Anna C. Haac
Tycko & Zavareei, LLP
2000 L St., NW, Suite 808
Washington, DC 20036

Dated:


**<u>For GE:</u>**


_____

Print Name: _____

Title: _____

Dated:

and Protective Order entered in this Civil Action on July 29, 2014, except that the parties further agree that Settlement Class Counsel may keep copies of all Class Counsel work product and all documents filed under seal with the Court in conjunction with pleadings filed by either party and copies of all deposition testimony. All other confidential documents produced by GE in the litigation (and not filed with the Court without being sealed) shall be returned to GE or destroyed. In addition to the requirements set forth in this paragraph, Settlement Class Counsel shall continue to comply with the Stipulated Confidentiality Agreement and Protective Order dated July 29, 2014 (Docket Entry No. 39).

73.     _Deadlines_. In the event any date or deadline set forth in this Agreement falls on a weekend or federal or state legal holiday, such date or deadline shall be on the first business day thereafter.

74.     _Retention of Records_.  GE, the Settlement Administrator, and Settlement Class Counsel shall retain copies or images of all returned mailed notices, correspondence related thereto and settlement checks in their possession for a period of two (2) years after the Effective Date. After this time, the Settlement Administrator and Settlement Class Counsel shall destroy any such documentary records they have in their possession regarding the administration of the Settlement (including all Class Member information), and GE will have the option, in its sole discretion, to destroy such records.

75.     _Contact With Class Members_.  GE may communicate with Settlement Class Members in the ordinary course of its business.  GE will refer inquiries regarding this Agreement and the administration of the Settlement to the Settlement Administrator and Settlement Class Counsel.

SIGNED AND AGREED

**For the Settlement Class Representatives, the Settlement Class and Settlement Class Counsel:**


_____
Glen Grayson
Dated: August 12, 2019


_____
Doreen Mazzanti
Dated:


_____
Daniel Levy
Dated:

21

and Protective Order entered in this Civil Action on July 29, 2014, except that the parties further agree that Settlement Class Counsel may keep copies of all Class Counsel work product and all documents filed under seal with the Court in conjunction with pleadings filed by either party and copies of all deposition testimony. All other confidential documents produced by GE in the litigation (and not filed with the Court without being sealed) shall be returned to GE or destroyed. In addition to the requirements set forth in this paragraph, Settlement Class Counsel shall continue to comply with the Stipulated Confidentiality Agreement and Protective Order dated July 29, 2014 (Docket Entry No. 39).

73.     Deadlines. In the event any date or deadline set forth in this Agreement falls on a weekend or federal or state legal holiday, such date or deadline shall be on the first business day thereafter.

74.     Retention of Records. GE, the Settlement Administrator, and Settlement Class Counsel shall retain copies or images of all returned mailed notices, correspondence related thereto and settlement checks in their possession for a period of two (2) years after the Effective Date. After this time, the Settlement Administrator and Settlement Class Counsel shall destroy any such documentary records they have in their possession regarding the administration of the Settlement (including all Class Member information), and GE will have the option, in its sole discretion, to destroy such records.

75.     Contact With Class Members. GE may communicate with Settlement Class Members in the ordinary course of its business. GE will refer inquiries regarding this Agreement and the administration of the Settlement to the Settlement Administrator and Settlement Class Counsel.

SIGNED AND AGREED

**For the Settlement Class Representatives, the Settlement Class and Settlement Class Counsel:**


_____
Glen Grayson
Dated:


_____
Doreen Mazzanti
Dated: 8/12/2019


_____
Daniel Levy
Dated:

21

and Protective Order entered in this Civil Action on July 29, 2014, except that the parties further agree that Settlement Class Counsel may keep copies of all Class Counsel work product and all documents filed under seal with the Court in conjunction with pleadings filed by either party and copies of all deposition testimony. All other confidential documents produced by GE in the litigation (and not filed with the Court without being sealed) shall be returned to GE or destroyed. In addition to the requirements set forth in this paragraph, Settlement Class Counsel shall continue to comply with the Stipulated Confidentiality Agreement and Protective Order dated July 29, 2014 (Docket Entry No. 39).

73.     <u>Deadlines</u>. In the event any date or deadline set forth in this Agreement falls on a weekend or federal or state legal holiday, such date or deadline shall be on the first business day thereafter.

74.     <u>Retention of Records</u>.  GE, the Settlement Administrator, and Settlement Class Counsel shall retain copies or images of all returned mailed notices, correspondence related thereto and settlement checks in their possession for a period of two (2) years after the Effective Date. After this time, the Settlement Administrator and Settlement Class Counsel shall destroy any such documentary records they have in their possession regarding the administration of the Settlement (including all Class Member information), and GE will have the option, in its sole discretion, to destroy such records.

75.     <u>Contact With Class Members</u>.  GE may communicate with Settlement Class Members in the ordinary course of its business.  GE will refer inquiries regarding this Agreement and the administration of the Settlement to the Settlement Administrator and Settlement Class Counsel.

SIGNED AND AGREED

**<u>For the Settlement Class Representatives, the Settlement Class and Settlement Class Counsel:</u>**


_____
Glen Grayson
Dated:


_____
Doreen Mazzanti
Dated:


_____
Daniel Levy
Dated: 8/20/2019

_____
David Mequet
Dated: August 19, 2019

_____
Lauren Harris
Dated:

_____
Hassan A. Zavareei
Anna C. Haac
Tycko & Zavareei, LLP
2000 L St., NW, Suite 808
Washington, DC 20036

Dated:

**For GE:**

_____

Print Name: _____

Title: _____

Dated:

22

_____
David Mequet
Dated:

_____
Lauren Harris
Dated:  8/15/19


_____
Hassan A. Zavareei
Anna C. Haac
Tycko & Zavareei, LLP
2000 L St., NW, Suite 808
Washington, DC 20036

Dated:


**For GE:**


_____

Print Name: _____

Title: _____

Dated:

22

_____

David Mequet
Dated:


_____

Lauren Harris
Dated:

_____

Hassan A. Zavareei
Anna C. Haac
Tycko & Zavareei, LLP
2000 L St., NW, Suite 808
Washington, DC 20036

Dated: 08/20/2019


**For GE:**


_____


Print Name: _____

Title: _____

Dated:

_____
David Mcquet
Dated:


_____
Lauren Harris
Dated:


_____
Hassan A. Zavarcei
Anna C. Haac
Tycko & Zavarcei, LLP
2000 L St., NW, Suite 808
Washington, DC 20036

Dated:

**For GE:**

_____

Print Name: _ROLAND SCHROEDER_

Title: _GLOBAL EXECUTIVE LITIGATION COUNSEL_

Dated: _8/14/19_

# Exhibit A

**LEGAL NOTICE**

# If you purchased or own a GE® microwave model JEB 1090, JEB 1095, ZMC 1090, or ZMC 1095, you may be entitled to benefits from a class action settlement.

*A federal court authorized this notice.*
*This is not a solicitation from a lawyer.*

**(xxx) xxx-xxxx**
**www.Website.com**

**Claim ID: XXXXXX**

A settlement has been proposed in a class action lawsuit pending in the United States District Court for the District of Connecticut.  The lawsuit alleges that General Electric Company ("GE") sold certain GE-branded microwave ovens manufactured between 1995 and 2007 that contained defects such that the glass on the door of these microwaves may break or shatter spontaneously. GE denies that the microwaves are defective and denies that it did anything wrong. The case is known as *Glen Grayson, et al. v. General Electric Company,* Case No. 3:13-cv-01799-*WWE* in the U.S. District Court for the District of Connecticut.

**Who is included?** You are receiving this notice because GE's records indicate you may be a "Class Member" in this lawsuit. You are a Class Member if you purchased or owned a GE Profile or GE Monogram microwave oven bearing the model numbers beginning with JEB1090, JEB1095, ZMC1090, or ZMC1095. The class does not include retailers, resellers or wholesalers.

**What benefits are provided?** For valid claims, the settlement payments range from $5 (cash or rebate certificate) to $300 depending on whether you still own the GE microwave oven and whether you suffered spontaneous breakage or shattering of the glass on the door of your GE microwave oven. The amounts paid will be determined after a review of your submitted claim form and any documentation or photographs that you submit in support of your claim, if required. This is described in a detailed notice that is available, along with claim forms, at [**www.website.com**].

**What are my options?** Your deadline to make a claim, exclude yourself or object to the settlement is **[deadline]**. An explanation of your legal rights, along with the claim form and instructions for submitting a claim form, excluding yourself or objecting to the settlement are at [**www.website.com**].

**Who represents me?** The Court has appointed the law firms of Tycko & Zavareei LLP and Izard, Kindall & Raabe LLP as "Settlement Class Counsel." You do not have to pay Class Counsel. You may hire your own lawyer at your own expense.

**What if I do nothing?** If you are a Class Member and do nothing, you will not receive any benefit if the proposed settlement is approved, and you will not be able to pursue any other lawsuit against GE, Haier or Samsung companies concerning or relating to the claims alleged in this lawsuit.

**How do I get more information?** Go to www.Website.com. You may also send an email to info@website.com or call xxx-xxx-xxxx.

# Exhibit B

**Grayson v. GE – Form of Emailed Notice**

To: Jane Doe
Subject: GE Microwave Class Action Settlement

## If you purchased or owned a GE® microwave model JEB 1090, JEB 1095, ZMC 1090, or ZMC 1095, you may be entitled to benefits from a class action settlement.

A settlement has been proposed in a class action lawsuit pending in the United States District Court for the District of Connecticut. The lawsuit alleges that certain microwave models listed above manufactured between 1995 and 2007 and sold under the GE brand contain defects such that the glass on the doors of these microwave ovens may break or shatter spontaneously. GE denies that the microwaves are defective and denies that it did anything wrong. The case is known as *Glen Grayson, et al. v. General Electric Company*, Case No. 3:13-cv-01799-WWE in the U.S. District Court for the District of Connecticut. You are receiving this notice because GE's records show that you may be a Class Member.

**Who is included?** You are a "Class Member" if you are a person, other than a retailer, reseller, or wholesaler, residing in the United States of America, who purchased or owned a microwave oven bearing the GE Profile or GE Monogram brand, and bearing a model number beginning with JEB1090, JEB1095, ZMC1090, or ZMC1095 ("Covered Microwave").

**What benefits are provided?**

A Class Member who experienced the spontaneous breakage or shattering of the glass on the door of the Covered Microwave and submits a valid claim form with certain required documentation may be eligible to receive $300. A Class Member who did not experience the spontaneous breakage or shattering of the glass on the door of the Covered Microwave oven and submits a valid claim form with certain required documentation may be eligible to receive either a $5 payment (if the class member still owns the Covered Microwave) or a certificate entitling them to a $5 rebate on the purchase of a GE microwave oven (if the class member no longer owns the Covered Microwave). Further details are available at [website].

**What are your options?** If you are a Class Member, your deadline to make a claim is [deadline]. Your deadline to exclude yourself or object to the settlement is [deadline]. An explanation of your legal rights, along with the claim form and instructions for submitting a claim form, excluding yourself or objecting to the settlement are at [website].

**Who represents the class?** The Court appointed the law firms of Tycko & Zavareei LLP and Izard Kindall & Raabe LLP to represent the class as "Class Counsel." You do not have to pay Class Counsel. You may hire your own lawyer at your own expense if you wish.

**What if I do nothing?** If you are a Class Member and do nothing, you will not receive any benefit if the proposed settlement is approved, and you will not be able to pursue any other lawsuit concerning or relating to the alleged defects in a Covered Microwave against General Electric Company, Haier US Appliance Solutions, Inc. d/b/a GE Appliances, a Haier Company, Samsung Electronics America, Inc., and Samsung Electronics Co., Ltd. and other related entities as set forth in Paragraphs 19-21 and 49 of the Settlement Agreement available at [website].

**How do I get more information?** Go to [website]. You may also send an email to [email address] or call [toll-free number].

# Exhibit C

## Cover Letter for Distributor Notice

<u>Legal Notice</u>

[GE Distributor Name]
[Address]
[Address]
[City], [ST] [ZIP]

RE: **GE® Microwave Class Action Settlement**

[Month 00, 2017]

Dear [GE Distributor],

A settlement has been proposed in a class action lawsuit pending in the United States District Court for the District of Connecticut, alleging that certain microwave models manufactured between 1995 and 2007 and sold under the GE brand may contain a defect that could cause the glass on their doors to break or shatter spontaneously. GE denies that the microwaves are defective and denies that it did anything wrong.  The affected models are JEB 1090, JEB 1095, ZMC 1090 and ZMC 1095.

Please review the enclosed notice to learn how a class action lawsuit about this alleged defect may affect your customers.

In addition, you may wish to post the attached notice in an appropriate area if you have a showroom that customers visit or send a copy of the notice to any customers who may be "Class Members." You may also point customers to www.[casewebsite].com if they need additional information.

Thank you.

Sincerely,

[Sender's name]
[Address]
[Address]
[City], [ST] [ZIP]
[Phone]
[Website]

<u>Legal Notice</u>

# If you purchased or owned a GE® microwave model JEB 1090, JEB 1095, ZMC 1090, or ZMC 1095, you may be entitled to benefits from a class action settlement.

A settlement has been proposed in a class action lawsuit pending in the United States District Court for the District of Connecticut. The lawsuit alleges that certain microwave models listed above manufactured between 1995 and 2007 and sold under the GE brand contain defects such that the glass on the doors of these microwave ovens may break or shatter spontaneously. GE denies that the microwaves are defective and denies that it did anything wrong. The case is known as *Glen Grayson, et al. v. General Electric Company*, Case No. 3:13-cv-01799-WWE in the U.S. District Court for the District of Connecticut.

**Who is included?** You are a "Class Member" if you are a person, other than a retailer, reseller, or wholesaler, residing in the United States of America, who purchased or owned a microwave oven bearing the GE Profile or GE Monogram brand, and bearing a model number beginning with JEB1090, JEB1095, ZMC1090, or ZMC1095 ("Covered Microwave").

**What benefits are provided?** A Class Member who experienced the spontaneous breakage or shattering of the glass on the door of the Covered Microwave and submits a valid claim form with certain required documentation may be eligible to receive $300. A Class Member who did not experience the spontaneous breakage or shattering of the glass on the door of the Covered Microwave oven and submits a valid claim form with certain required documentation may be eligible to receive either a $5 payment (if the class member still owns the Covered Microwave) or a certificate entitling them to a $5 rebate on the purchase of a GE microwave oven (if the class member no longer owns the Covered Microwave). Further details are available at [website].

**What are your options?** If you are a Class Member, your deadline to make a claim is [deadline]. Your deadline to exclude yourself or object to the settlement is [deadline]. An explanation of your legal rights, along with the claim form and instructions for submitting a claim form, excluding yourself or objecting to the settlement are at [website].

**Who represents the class?** The Court appointed the law firms of Tycko & Zavareei LLP and Izard Kindall & Raabe LLP to represent the class as "Class Counsel." You do not have to pay Class Counsel. You may hire your own lawyer at your own expense if you wish.

**What if I do nothing?** If you are a Class Member and do nothing, you will not receive any benefit if the proposed settlement is approved, and you will not be able to pursue any other lawsuit concerning or relating to the alleged defects in a Covered Microwave against General Electric Company, Haier US Appliance Solutions, Inc. d/b/a GE Appliances, a Haier Company, Samsung Electronics America, Inc., and Samsung Electronics Co., Ltd. and other related entities as set forth in Paragraphs 19-21 and 49 of the Settlement Agreement available at [website].

**How do I get more information?** Go to [website]. You may also send an email to [email address] or call [toll-free number].

# Exhibit D

<u>**LEGAL NOTICE BY ORDER OF THE COURT**</u>

**IF YOU PURCHASED OR OWNED A GE PROFILE OR GE MONOGRAM BRAND MICROWAVE OVEN BEARING MODEL NUMBERS BEGINNING WITH JEB1090, JEB1095, ZMC1090 OR ZMC1095, YOU MAY BE ENTITLED TO BENEFITS FROM A CLASS ACTION SETTLEMENT**

*A court authorized this notice.*
*This is not a solicitation from a lawyer.*
*You are <u>not</u> being sued.*

A settlement has been proposed in a class action lawsuit pending in the United States District Court for the District of Connecticut (the "Court").  The lawsuit alleges that General Electric Company ("GE") sold certain GE-branded microwave ovens that contained defects such that the glass on the door of these microwaves may break or shatter spontaneously.  GE denies that the microwaves are defective and denies that it did anything wrong.

The proposed settlement will provide monetary benefits to persons (other than retailers, resellers, or wholesalers) who purchased or owned a GE Profile or GE Monogram brand microwave oven bearing the model numbers JEB1090, JEB1095, ZMC1090, or ZMC1095 (a "Covered Microwave"), manufactured between 1995 and 2007.  You are receiving this notice because GE's records show that you may be a Class Member (see Question 3 below).

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS PROPOSED SETTLEMENT | |
|---|---|
| **CLAIM A BENEFIT** | You may submit a claim form to the Settlement Administrator. **The deadline is _____, 2019.** (see Question 7 below) |
| **EXCLUDE YOURSELF** | You may submit a request for exclusion to the Settlement Administrator. **The deadline is _____, 2019.**  (see Question 8 below) |
| **OBJECT** | You may submit an objection to the proposed settlement to the Court.  **The deadline is _____, 2019.** (see Question 12 below) |
| **GO TO A HEARING** | You may attend a hearing at the Court. You may also submit to the Court a request for permission to speak at a hearing. (see Questions 14 and 15 below) |
| **DO NOTHING** | You will not be able to receive a benefit under the settlement nor pursue any other lawsuit against GE. (see Question 16 below) |

These rights and options, and the deadlines to exercise them, are explained in this notice.
The Court in charge of this case still has to decide whether to approve this settlement.  Payments for valid claims will be made if the Court approves the settlement and after any appeals are resolved.  Please be patient.

## BASIC INFORMATION

**1.     WHAT IS THIS LAWSUIT ABOUT?**

In a class action lawsuit, one or more people called a "Class Representative" (in this case, Glen Grayson, Doreen Mazzanti, Daniel Levy, David Mequet, and Lauren Harris), sue on behalf of people who have similar claims.  The people together are a "Class."  One court resolves the issues for everyone in the Class, except for those people who choose to exclude themselves from the Class.

This lawsuit alleges that GE sold certain GE Profile and GE Monogram microwave ovens bearing the model numbers JEB1090, JEB1095, ZMC1090, or ZMC1095 that contained defects such that the glass on the door of these microwave ovens may break or shatter spontaneously. GE denies all allegations of wrongdoing and contends that the microwave ovens are not defective.

**2.     WHY IS THERE A PROPOSED SETTLEMENT?**

The Court did not reach a final decision in favor of the Class Representatives or GE.  Instead, both sides agreed to a proposed settlement.  Settlements avoid the costs and uncertainty of a trial and related appeals, while providing benefits to members of the Class.  The Class Representatives and the attorneys for the proposed class think the proposed settlement is best for all members of the Class.  The Court in charge of the lawsuit has granted preliminary approval of this proposed settlement and has ordered this notice be mailed to explain it.

**3.     WHO IS AFFECTED BY THE PROPOSED SETTLEMENT?**

You are a member of the Class and are affected by the proposed settlement, as explained further in this notice, if you purchased or owned a GE Profile or GE Monogram brand microwave oven bearing a model number beginning with JEB1090, JEB1095, ZMC1090, or ZMC1095 at any time between January 1, 1995 and the date of entry of an order of the Court granting preliminary approval of the proposed settlement ("Class Member").

If you have questions about whether you are a Class Member, you may contact the Settlement Administrator at [toll-free number].  You may also contact Class Counsel (see Question 10 below).

If you are a Class Member, you have a right to submit a claim form to receive benefits under the proposed settlement.  The process for submitting a claim form is described in Question 7 below.

**4.      WHAT BENEFITS ARE PROVIDED?**

If you are a Class Member and you submit a valid claim form (with accompanying documentation if required) by the deadline, GE will conduct an individual review of your claim, and your benefit will be as follows:

(A)      If you are a Class Member who can demonstrate that you have experienced spontaneous glass breakage or shattering of the Covered Microwave oven door at any time prior to the date that is 90 days after the entry of an Order and Final Judgment, your benefit will be a $300 payment.

(B)      If you are a Class Member who have never experienced spontaneous glass breakage or shattering of the Covered Microwave oven door and can demonstrate that you still own a Covered Microwave as of 90 days after the entry of an Order and Final Judgment, your benefit will be $5 payment.

(C)      If you are a Class Member who have never experienced spontaneous glass breakage or shattering of the Covered Microwave oven door and can demonstrate that you owned a Covered Microwave as of the date of the entry of an Order and Final Judgment, your benefit will be a certificate entitling you to a $5 rebate on the purchase of a new GE microwave oven, good for 180 days after the entry of an Order and Final Judgment.

**5.      WHAT IF I DISAGREE WITH THE DETERMINATION OF MY CLAIM?**

If you submit a claim form, your claim is determined to be invalid, and you disagree, or if you believe that the amount of your individual payment is not calculated properly in accordance with the terms of the settlement (as described in Question 4 above), you must send a letter explaining specifically why you disagree. Be sure to include: (1) your full name and current address; and (2) your signature. You also have the right to object to the approval of the Settlement Agreement instead of or in addition to objecting to the determination of your claim, as described in Question 12 below. You also have the right to exclude yourself from the settlement, in which case you may retain any right you may have to sue GE separately, but you will not receive any payment as part of the settlement. This is described in Question 8 below.

If you decide to dispute the determination of your claim, your letter must be postmarked within 30 days of the postmark date of the notice of the determination of your claim and must be mailed to the Settlement Administrator at the following address:

[**SETTLEMENT ADMINISTRATOR ADDRESS**]

The Settlement Administrator will provide a copy of your letter to GE and to Settlement Class Counsel (the lawyers representing the Class).  You may also contact Settlement Class Counsel (see Question 10 below) regarding your dispute if you wish to do so.  A neutral evaluator will determine whether your claim was resolved correctly.  The Settlement Administrator will notify you of the neutral evaluator's final decision, which will be binding on you and GE.  A more detailed explanation of the process for resolving disputes regarding the determination of claims

Paragraph 40 of the Settlement Agreement, which is available at [settlement website] or by calling [toll-free number].

If you have questions about this, you should contact the Settlement Administrator through the settlement website at [website address] or at [toll-free number], or you can contact Settlement Class Counsel (see Question 10 below).

**6.    HOW WILL MY LEGAL RIGHTS BE LIMITED BY THE PROPOSED SETTLEMENT?**

**IF THE PROPOSED SETTLEMENT IS APPROVED, YOU WILL LOSE THE RIGHT TO BRING A LEGAL CLAIM AGAINST GE OR SAMSUNG FOR CERTAIN CLAIMS RELATING TO A COVERED MICROWAVE**

If you do not exclude yourself (see Question 8 below) and the proposed settlement is approved, you will be in the "Settlement Class." That means that you will not be able to sue or be part of any other lawsuit against General Electric Company, Haier US Appliance Solutions, Inc. d/b/a GE Appliances, a Haier Company, Samsung Electronics America, Inc., Samsung Electronics Co., Ltd. or related persons and entities ("Released Entities") about the legal issues in this case. All of the Court's orders will apply to you and legally bind you. You will "release and discharge" the Released Entities for any claims arising from or relating in any way to the breaking or shattering of the glass on the door of a Covered Microwave, or relating in any way to the purchase or ownership of a Covered Microwave. (Claims for personal injury will not be released.) All of this is described in further detail in Paragraphs 19-21 and 49 of the Settlement Agreement. The Settlement Agreement specifically describes the released claims in necessarily accurate legal terminology. A complete copy of the Settlement Agreement can be obtained from the settlement website at [settlement website address] or from the Settlement Administrator at [toll-free number]. Talk to Settlement Class Counsel (see Question 10 in the section on "The Lawyers Representing You" below) or your own lawyer if you have questions about the released claims or what they mean.

If you believe the relief provided by the proposed settlement is inadequate (other than a dispute over your individual claim, which is addressed under Question 5 above), your only options are to exclude yourself as explained under Question 8 below and not be part of the Settlement Class, or to explain your views to the Court by filing an objection in the manner described under Question 12 below.

**SUBMITTING A CLAIM FORM TO PARTICIPATE IN THE SETTLEMENT**

**7.    HOW DO I SUBMIT A CLAIM FORM TO PARTICIPATE IN THE PROPOSED SETTLEMENT?**

In order to participate in the proposed settlement and receive a payment if you are eligible for payment, you must submit a claim form. The claim form informs GE and Settlement Class Counsel that you wish to participate in the proposed settlement.

Class Members who reported spontaneous glass breakage or shattering of a Covered Microwave oven door to GE and whose incident is listed in GE's Product Safety Database will receive with this mailed notice a simplified claim form that does not require them to provide any accompanying documentation.  Class Members may submit the claim form either by mail, or online by entering certain information at [website].  Class Members who believe that their claims are in GE's Product Safety Database and did not receive a mailed notice, or misplaced their mailed notice, may contact the Settlement Administrator at [toll-free number] or [email address].

Class Members who did not experience spontaneous glass breakage or shattering of a Covered Microwave oven door, or experienced an incident not listed in GE's Product Safety Database must submit a more detailed claim form together with accompanying documentation.  This claim form is attached to this notice.  It may be submitted online at [website] with all required information uploaded, or by mail to the Settlement Administrator at [address].

**CLAIM FORMS THAT ARE NOT SUBMITTED ONLINE OR POSTMARKED ON OR BEFORE [DEADLINE] WILL NOT BE HONORED.**

You must submit your claim form at [website] or by mail.  You cannot submit a claim form by telephone, facsimile or email.  You cannot submit a claim form by mailing a request to any other location.  You cannot submit a claim form after the deadline.  The claim form must be signed by you or your legal representative (if you submit an online claim form, typing your name in the signature box will constitute your legal signature).

If you submit a timely claim form, you will be included in the Class, you will receive payment if the settlement is approved by the Court and if you are eligible for payment, and you will not be able to sue or be part of any other lawsuit against GE or Samsung about the legal issues in this case.

If you do not submit a timely claim form, you will not receive any monetary benefit if the proposed settlement is approved.  Unless you exclude yourself from the Class (see Question 8 below), you will give up the right you may have, if any, to sue GE or Samsung for relief arising from the claims that this proposed settlement resolves (see Question 6 above).

If you move after submitting a claim form, it is your responsibility to provide your new address to the Settlement Administrator.  Checks will be mailed to the most recent address on file with the Settlement Administrator.

### EXCLUDING YOURSELF FROM THE PROPOSED SETTLEMENT

If you are a Class Member and you want to keep the right you may have, if any, to sue GE or Samsung based on the spontaneous glass breakage or shattering to the door of a Covered Microwave Oven, you must exclude yourself from the Class, as described below.

**8.     HOW DO I EXCLUDE MYSELF FROM THE PROPOSED SETTLEMENT?**

To exclude yourself and not be part of the Settlement Class, you must send a letter by mail saying that you wish to do so.  Your letter should state: "I/we request that I/we be excluded from the class in *Glen Grayson, et al. v. General Electric Company*, Case No. 3:13-cv-01799-WWE and do not wish to participate in the settlement."  Be sure to include: (1) your full name(s) and current address(es); and (2) your signature(s). Your request for exclusion must be postmarked no later than **[deadline]**, and must be mailed to:

 [SETTLEMENT ADMINISTRATOR ADDRESS]

**REQUESTS FOR EXCLUSION THAT ARE NOT POSTMARKED ON OR BEFORE [DEADLINE] WILL NOT BE HONORED.**

You cannot exclude yourself by telephone or by email.  You cannot exclude yourself by mailing a request to any other location.  You cannot exclude yourself by mailing a request after the deadline.  The letter must be signed by you or your legal representative.

**9.      IF I DON'T EXCLUDE MYSELF, CAN I SUE GE FOR THE SAME THING LATER?**

No.  If the proposed settlement is approved, you give up the right you may have, if any, to sue GE or Samsung for relief arising from the claims that this proposed settlement resolves. See the answer to Question 6 above.

## THE LAWYERS REPRESENTING YOU

**10.      DO I HAVE A LAWYER IN THE CASE?**

The Court has appointed the following lawyers to represent you and the other Settlement Class Members:

Hassan A. Zavareei
Anna C. Haac
Tycko & Zavareei LLP
1828 L St., NW, Suite 1000
Washington, DC 20036
(202) 973-0900

And

Robert A. Izard, Jr.
Seth R. Klein
Mark P. Kindall
Izard, Kindall & Raabe LLP
29 South Main St., Suite 305
West Hartford, CT 06107
(860) 493-6292

These lawyers are called Settlement Class Counsel.  You will not be charged by these lawyers for their work on the case.  If you want to be represented by your own lawyer, you may hire one at your own expense.

## 11.  HOW WILL THE LAWYERS BE PAID?

Payments of attorneys' fees and expenses will not reduce the amounts paid to Settlement Class Members who are entitled to payments under the terms of the Settlement Agreement.  Any attorneys' fees and expenses approved by the Court will be paid by GE separately from the money paid to Settlement Class Members.  Settlement Class Counsel will ask the Court to award up to $1,350,000 for (1) attorneys' fees and costs to Settlement Class Counsel and (2) service awards to Settlement Class Representatives, who are Glen Grayson, Doreen Mazzanti, Daniel Levy, David Mequet, and Lauren Harris, in the amount of $5,000 each.  Settlement Class Counsel's request will be available on the Settlement Administrator's Website at [**website**] by [**14 days before deadline for objections**].  GE has agreed not to oppose the request for the award up to these amounts.  The Court may award less than these amounts.  The costs of notifying Class Members and of administering the proposed settlement will also be borne by GE and will not reduce the amounts paid to Settlement Class Members.

## <u>OBJECTING TO THE PROPOSED SETTLEMENT</u>

## 12.  HOW DO I TELL THE COURT THAT I DO NOT LIKE THE PROPOSED SETTLEMENT?

If you are a Class Member and you do not exclude yourself (see Question 8 above), you can object to the proposed settlement if you do not think the proposed settlement is fair, reasonable or adequate.

You can ask the Court to deny approval of the proposed settlement by filing an objection.  You cannot ask the Court to order a larger settlement; the Court can only approve or deny the settlement.  If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue.  If that is what you want to happen, you must object.

You may object to the proposed settlement in writing.  You may also appear at the Final Approval Hearing, either in person or through your own attorney, at your own expense, if the Court allows.  If you appear through your own attorney, you are responsible for paying that attorney.  All written objections and supporting papers must: (1) clearly identify the case name and number (*Glen Grayson, et al. v. General Electric Company,* Case No. 3:13-cv-01799-WWE), (2) identify your full name, address, email address, and telephone number; (3) provide an explanation of the basis upon which you claim to be a Class Member; (4) identify all grounds for the objection, accompanied by any legal support for the objection; (5) identify all counsel who represent you, former or current counsel who may seek compensation for any reason related to the objection; (6) include a statement confirming whether you intend to personally appear and/or testify at the Final Approval Hearing; (7) include a list of any persons who will be called to testify at the Final Approval Hearing in support of the objection; (8) include all documentary

evidence that will be offered at the Final Approval Hearing in support of the objection; (9) identify all counsel representing you who will appear at the Final Approval Hearing; (10) include your signature (an attorney's signature is not sufficient); (11) be submitted to the Court either by mailing them to the Clerk of Court, United States District Court for the District of Connecticut, 915 Lafayette Boulevard, Bridgeport, CT 06604, or by filing them in person at any location of the United States District Court for the District of Connecticut; and (12) be filed or postmarked on or before **[deadline]**.

If you object and the settlement is approved, you will still be entitled to receive benefits under the settlement if you qualify, but you must submit a timely claim form to do so (see Question 7 above). Submitting a timely claim form does not waive an objection to the settlement.

## 13. WHAT'S THE DIFFERENCE BETWEEN OBJECTING AND EXCLUDING?

Objecting is simply telling the Court that you do not like something about the proposed settlement. You can object only if you do not exclude yourself. Excluding yourself is telling the Court that you do not want to be included in the Settlement Class. If you exclude yourself, you have no basis to object to the settlement because the settlement no longer affects you. If you object, and the Court approves the settlement anyway, you will still be legally bound by the result.

## THE COURT'S FINAL APPROVAL HEARING

The Court will hold a Final Approval Hearing on _____, 2019 at ___[a.m./p.m.] at the United States District Court, 915 Lafayette Boulevard, Bridgeport, CT 06604. The date of the hearing may change. If you plan to attend, please check the settlement website at [settlement website address] or the Court's docket on PACER at https://ecf.ctd.uscourts.gov or visit the Court Clerk's Office to confirm the date of the hearing. At this hearing, the Court will consider whether the proposed settlement is fair, reasonable and adequate. If there are objections, the Court will consider them. The Court may listen to people who have submitted timely requests to speak at the hearing. The Court may also decide how much Settlement Class Counsel will receive as attorneys' fees and expenses, and the amount of an award, if any, the Settlement Class Representatives will receive. At or after the hearing, the Court will decide whether to approve the proposed settlement. We do not know how long these decisions will take.

## 14. DO I HAVE TO COME TO THE HEARING?

No. Settlement Class Counsel will answer questions the Court may have. But you are welcome to come at your own expense. If you send an objection, you do not have to come to the Court to talk about it. As long as you mailed your written objection on time, the Court will consider it.

## 15. MAY I SPEAK AT THE HEARING?

You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in the *Grayson v. General Electric Company* case." You must include your name, address, telephone number and your

signature, and your letter must identify the points you wish to speak about at the hearing, enclose copies of any documents you intend to rely on at the hearing, and state whether you intend to have a lawyer speak on your behalf.  You or your lawyer cannot speak at the hearing if you have excluded yourself from the settlement.

## IF YOU DO NOTHING

**16.     WHAT HAPPENS IF I DO NOTHING?**

If you are a Class Member and you do nothing, you will be included in the Settlement Class, but you will not receive a monetary benefit even if the proposed settlement is approved. You also will not be able to pursue any other lawsuit against GE or Samsung concerning or relating to the claims alleged in this lawsuit.

## GETTING MORE INFORMATION

**17.     ARE THERE MORE DETAILS ABOUT THE PROPOSED SETTLEMENT?**

This notice summarizes the proposed settlement.  For precise terms and conditions of the settlement, please see the Settlement Agreement available at **[website]**, by contacting Settlement Class Counsel (see Question 10 above), by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.ctd.uscourts.gov, or by visiting the Office of the Clerk of the Court for the United States District Court for the District of Connecticut, 915 Lafayette Boulevard, Bridgeport, CT 06604, between 9:00 a.m. and 5:00 p.m., Monday through Friday, excluding Court holidays.

**18.     WHAT IF THERE ARE CHANGES TO THE PROPOSED SETTLEMENT?**

If you wish to be notified regarding any changes to the Settlement, you must mail to the Settlement Administrator a request for notice, or send such a request in writing to Settlement Class Counsel, who will maintain a list of all such requests that are received.  If you provide an e-mail address, you agree to electronic notification by e-mail.

**PLEASE DO NOT TELEPHONE GE, THE COURT, OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIMS PROCESS.**

# Exhibit E

[Version of Claim Form to be sent to class members who had a spontaneous glass breakage or shattering incident listed in the Safety Database]

**_Glen Grayson, et al. v. General Electric Company_ Class Action Settlement**

**United States District Court for the District of Connecticut**
**Case No. 3:13-cv-01799-WWE**

**Instructions:** You are receiving this claim form because you notified GE of a spontaneous glass breakage or shattering incident relating to a GE Profile or GE Monogram microwave oven that is included in the class action settlement that is described in the accompanying legal notice. You must submit this form **no later than [DEADLINE]** if you wish to claim a $300 payment under the settlement agreement. Only one claim will be honored per Covered Microwave and per household.  See Question 7 of the Legal Notice you received for further information regarding the purpose of this form.

[Name and Address pre-populated from GE database, with address updating by Settlement Administrator]

Name: _____

Address: _____

City, State, Zip: _____

Email address: _____

     I declare under penalty of perjury under the laws of the United States of America that I or a member of my household: (1) owned a microwave oven bearing the GE Profile or GE Monogram brand, and bearing a model number beginning with JEB1090, JEB1095, ZMC1090, or ZMC1095; (2) experienced spontaneous breakage or shattering of the glass on the door of the microwave oven; and (3) made a report of such incident to General Electric Company on or before [date of Preliminary Approval Order].

[Online Form – By typing your name in the box below, this constitutes your legal signature.]

                             _____
                                      Signature

**Mail this form no later than [DEADLINE] to [ADMINISTRATOR ADDRESS]**

[Version of Claim Form to be sent to class members who did not have a spontaneous glass breakage or shattering incident listed in the Safety Database]

### *Glen Grayson, et al. v. General Electric Company* Class Action Settlement

### United States District Court for the District of Connecticut
### Case No. 3:13-cv-01799-WWE

**Instructions:** You must submit this form **no later than [DEADLINE]** if you wish to be considered for the receipt of benefits pursuant to the settlement.  See Question 7 of the Legal Notice you received for further information regarding the purpose of this form.

Name: _____

Address: _____

City, State, Zip: _____

Email address: _____

**Please check ONE of the three boxes below, enter the information requested below the box checked, enclose [online form: upload below] any requested documentation described with respect to the type of claim you are making, and [mail your form to [SETTLEMENT ADMINISTRATOR ADDRESS]] [online form: type your name as your signature in the box below and click "Submit"].**

☐   I wish to make a claim under the settlement agreement for a $300 payment. I or a member of my household purchased or owned a microwave oven bearing the GE Profile or GE Monogram brand, and bearing a model number beginning with JEB1090, JEB1095, ZMC1090, or ZMC1095, for which I or a member of my household experienced spontaneous glass breakage or shattering of the microwave oven door during the period that I or a member of my household owned the microwave oven.

      o   The approximate date the microwave oven was purchased is _____.

      o   The color of the microwave oven was _____.

      o   Did you report the incident to GE? _____.

      o   If not, please explain why you did not report the incident to GE: _____

_____

_____

_____

_____

_____

_____

_____

  o Please describe the incident. _____

_____

_____

_____

_____

_____

_____

_____

  o Please [return with this form / online form: upload at the link below] a clear photo of the spontaneous glass breakage or shattering, or other documentation that substantiates that the incident occurred.

  o The serial number of the microwave oven is _____. (NOTE: This can be found by looking on the inside of your microwave oven.)

  o If you do not have the serial number of the microwave oven, please [return with this form] [online form: upload at the link below] either (1) a purchase receipt for the microwave oven or (2) a photograph of the microwave oven sufficient to prove prior ownership.

☐ I wish to make a claim under the settlement agreement for a $5 payment. I or a member of my household purchased or owned a microwave oven bearing the GE Profile or GE Monogram brand, and bearing a model number beginning with JEB1090, JEB1095, ZMC1090, or ZMC1095. I or a member of my household still owns this microwave oven.

  o The serial number of the microwave oven is _____. (NOTE: This can be found by looking on the inside of your microwave oven.)

- o Please also [return with this form] [online form: upload at the link below] <u>either</u> a purchase receipt or a photograph of the microwave oven time-stamped within 30 days of the date you sign this form.

☐ I wish to make a claim under the settlement agreement for a $5 rebate on the purchase of a new GE microwave oven. I or a member of my household purchased or owned a microwave oven bearing the GE Profile or GE Monogram brand, and bearing a model number beginning with JEB1090, JEB1095, ZMC1090, or ZMC1095. I or a member of my household no longer owns this microwave oven.

- o The serial number of the microwave oven was _____.

- o The approximate date the microwave oven was purchased is _____.

- o The color of the microwave oven was _____.

- o If you do not have or remember the requested information above, please [return with this form] [online form: upload at the link below] <u>either</u> (1) a purchase receipt for the microwave oven or (2) a photograph of the microwave oven sufficient to prove prior ownership.

I declare under penalty of perjury under the laws of the United States of America that to the best of my knowledge the information set forth next to the box that I checked above is true and correct, and the information and documentation I have enclosed herewith is true and accurate.

[Online Form – By typing your name in the box below, this constitutes your legal signature.]

_____
Signature

**Mail this form no later than [DEADLINE] to [ADMINISTRATOR ADDRESS]**