**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

GLEN GRAYSON, DOREEN MAZZANTI, DANIEL LEVY, DAVID MEQUET and LAUREN HARRIS, individually and on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

GENERAL ELECTRIC COMPANY,

Defendant.

No. 3:13-cv-01799-MPS
(Consolidated Docket No.)

**ORDER AND FINAL JUDGMENT**

On July 16, 2020, a hearing (the "Final Approval Hearing") was held on Plaintiffs' Motion for Certification of the Settlement Class and Final Approval of Class Action Settlement (ECF No. 368) (the "Final Approval Motion") and Plaintiffs' Motion for Award of Attorneys' Fees and Expenses and for Lead Plaintiff Service Awards (ECF No. 370) (the "Fee and Expense Motion") (collectively, the "Motions"). The settlement was preliminarily approved by this Court in its order dated January 15, 2020 (ECF No. 364) (the "Preliminary Approval Order").

Having considered the Motions and the supporting materials filed therewith, the Settlement Agreement (ECF No. 358-1), the response of the class members to the Settlement, and the argument received by the Court at the Final Approval Hearing, the Court grants final approval to the Settlement and hereby finds and orders as follows:

1. This Order incorporates by reference the definitions in the Settlement Agreement, and all terms defined herein shall have the same meaning in this Order as set forth in the Settlement Agreement.

2. Pursuant to 28 U.S.C. § 1332(d), this Court has jurisdiction over the subject matter

of this litigation and all related matters and all claims raised in this action and released in the Settlement Agreement. The Court also has personal jurisdiction over all parties and Class Members.

3. Pursuant to the Preliminary Approval Order, the Settlement Notice was mailed, e-mailed and disseminated by the other means described in the Settlement Agreement to the Class Members. This Court finds that this notice procedure was (i) the best practicable notice; (ii) reasonably calculated, under the circumstances, to apprise the Class Members of the pendency of the Civil Action and of their right to object to or exclude themselves from the proposed Settlement; and (iii) reasonable and constitutes due, adequate, and sufficient notice to all entities and persons entitled to receive notice.

4. The Court overrules the single objection of Edward W. Orr (ECF No. 375) challenging the adequacy of the Settlement Notice because the Court finds that the Settlement website was sufficiently accessible to individuals with disabilities such that the Class Members received the best practicable notice. In his objection, Mr. Orr alleged that (1) the Settlement website is not compliant with the requirements under the Americans with Disabilities Act ("ADA"); and (2) he could not submit a claim without the aid of non-disabled persons. *Id.* at 2, 3. Mr. Orr sought injunctive relief "on behalf of himself and any and all other class members who might be affected." *Id.* at 1 n.1 ("Orr wants nothing more than constructive action, and is advocating for the handicapped and/or other adversely affected class members to receive proper relief, and to be treated equitably - thus the filing of this Objection."). Mr. Orr participated in the Final Approval Hearing, during which he sought to have his own claim processed as a class member and alleged that the claims administrator had not responded to his submissions. He did not press any of the other claims alleged in his Objection, including his request for injunctive

relief. I directed plaintiff's counsel to assist Mr. Orr in processing his claim, and ordered the Settlement website administrator to file a declaration responding to Mr. Orr's assertions. ECF No. 385. On July 21 and 22, 2020, Zachary Lebovits, a Senior Project Manager employed by Epiq Class Action & Claims Solutions, Inc. (the claims administrator, "Epiq"), filed such a declaration. ECF No. 387, 388. After conducting a thorough search, Mr. Lebovits declared that Epiq only had records of Mr. Orr's July 15, 2020 submissions. ECF No. 387 at 2. Further, Mr. Lebovits provided information demonstrating Epiq's efforts to ensure the functionality and accessibility of the Settlement website. ECF No. 387; *see also* ECF No. 377-1 (Declaration of Lebovits describing Epiq's efforts to ensure accessibility of its Settlement website). Thus, without deciding whether the ADA applies to class settlement websites, the Court finds that Epiq's efforts to ensure the functionality and accessibility of the Settlement website were reasonable. *See Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 113-14 (2d Cir. 2005) ("the standard for the adequacy of a settlement notice in a class action under either the Due Process Clause or the Federal Rules is measured by reasonableness"); *Reed v. 1-800-Flowers.com*, 327 F. Supp. 3d 539, 544 (E.D.N.Y. 2018) (observing that the ADA requires covered public accommodations to provide "reasonable modifications" or "auxiliary aids and services" to disabled individuals) (internal quotations and citations omitted).

5. The Court finds that the Class Action Fairness Act Notice provided by the Settlement Administrator on behalf of GE pursuant to the Settlement Agreement, as verified in the Declaration of Stephanie J. Fiereck (ECF No. 361), was in compliance with 28 U.S.C. § 1715(b), and that the Class Action Fairness Act Notice was given more than 90 days prior to any order of final approval, in accordance with 28 U.S.C. § 1715(d).

6. The Court finds that the requirements for class certification under Fed. R. Civ. P.

23(a) and 23(b)(3) are satisfied for settlement purposes only with respect to the following Class:

> All persons (other than retailers, resellers, wholesalers, the presiding judge, chambers staff, or members of the families of the presiding judge or chambers staff) residing in the United States of America who purchased or owned a microwave oven bearing the GE Profile or GE Monogram brand, and bearing a model number beginning with JEB1090, JEB1095, ZMC1090, or ZMC 1095, at any time during the period from January 1, 1995 through January 15, 2020.

The Court finds that the proposed Class is so numerous that the joinder of all members is impracticable, given that approximately 68,000 microwave ovens of the type described above were manufactured. The Court also finds that the claims of the Plaintiffs are typical of the claims of the Class, because, although different class members may have incurred differing amounts of harm depending on whether the glass in their ovens broke, the named Plaintiffs, all of whom claimed to have suffered glass breakage to their microwave ovens, have incentives to seek to maximize an award of damages under all damages theories – including benefit-of-the-bargain damages, which would apply to all class members – should Plaintiffs and the Class prove their common claims of defect and concealment. This circumstance, in addition to the experience of Settlement Class Counsel, persuades the Court that the Plaintiffs and Settlement Class Counsel have fairly and adequately protected the interests of the Class.

7. The Court finds that there are questions of law or fact common to the Class – including the question of defect and the question of concealment – and that those questions predominate over any questions affecting only individual Class Members. On this point, the Court adopts and incorporates herein the reasoning of the late Judge Eginton, to whom this case was previously assigned, as set forth in Docket No. 257 at 12-13. Further, although Judge Eginton's ruling certified a narrower class and only as to certain liability issues, and properly raised concerns about the individualized nature of damages issues, those concerns do not constitute grounds to withhold certification of this broader proposed class for settlement purposes. That is so

because, under the proposed Settlement, there will be no need to prove damages on an individualized basis, except through a simplified claims procedure, which will seek only to distinguish between valid and invalid claims and to place valid claims in one of two damages categories, i.e., those who suffered glass breakage and thus are entitled to a $300 award and those who did not and are thus entitled only to a $5 award, either in the form of a check or a rebate on a future purchase (in both cases, upon submission of adequate proof). Thus, non-uniformity among class members as to harm actually incurred is not an obstacle to certifying this class for settlement purposes. In addition, although differences in state law earlier shaped the proposed classes the Plaintiffs sought to certify before Judge Eginton, several courts have found such differences to be irrelevant when the Court is faced with whether to certify a proposed class for settlement purposes, because a settlement contemplates that there will be no trial and thus no need to craft jury instructions reflecting the varying elements in different states' laws. *See, e.g.*, *Sullivan v. DB Investments, Inc.*, 667 F.3d 273, 303-04 (3d Cir. 2011); *see also Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997) ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, for the proposal is that there be no trial.") (internal citation omitted).

8. The Court finds that the individuals listed on Attachment 1 to the Declaration of Cameron R. Azari, Esq. filed on June 22, 2020 (ECF No. 376) have properly opted out of the Class and are not bound by the judgment or release in this action.

9. The Court confirms as final the appointment of Glen Grayson, Doreen Mazzanti, Daniel Levy, David Maquet, and Lauren Harris as Settlement Class Representatives for settlement purposes only.

10. The Court confirms as final the appointment of Epiq Class Action & Claim

Solutions, Inc., an experienced class action settlement administration firm, as the Settlement Administrator, responsible for performing the obligations of the Settlement Administrator under the Settlement Agreement.

11. The Court confirms as final the appointment of Hassan A. Zavareei, Esq. and Anna Haac, Esq. of Tycko & Zavareei LLP and Robert A. Izard, Jr., Esq., Seth R. Klein, Esq., and Mark P. Kindall, Esq. of Izard Kindall & Raabe LLP as Settlement Class Counsel for settlement purposes only.

12. The Court confirms as final the appointment of Hon. Antonio C. Robaina (retired Judge of the Connecticut Superior Court) of McElroy, Deutsch, Mulvaney & Carpenter LLP, Hartford, Connecticut as the Neutral Evaluator.

13. The Court finds that the Settlement Agreement is fair and reasonable, taking into account the strengths and weaknesses of Plaintiffs' claims, and the risk, expense, complexity, and duration of further litigation. The Class claims would face substantial obstacles if tried on the merits, including establishing a class-wide design defect and proving damages given GE's position that the useful life of the vast majority of the microwave ovens was reached without any manifestation of the claimed defect. The Court also finds that the Settlement Agreement is the result of arms' length negotiations between experienced counsel representing the interests of the Class and Defendant, after thorough factual and legal investigation, years of contentious litigation, and mediation with an experienced and impartial mediator. The Court further finds that the Settlement Agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties. The Court also finds that the response of the Class to the Settlement Agreement supports settlement approval. The Court notes that only one objection was filed by any Class Member, and none of the numerous federal and state officials to whom notice was

given under the Class Action Fairness Act has objected to the Settlement Agreement. Furthermore, the one objection from a Class Member did not challenge the fairness of the terms of the Settlement to the Class. Accordingly, pursuant to Rule 23(e), the Court finds that the terms of the Settlement Agreement are fair, reasonable, and adequate to the Class and to each Class Member.

14. The Court grants final approval to the Settlement Agreement, and orders the parties to implement, and comply with, its terms.

15. Class Members who have not submitted a valid and timely opt-out request are hereby fully and finally bound by all determinations of the Court, the Settlement Agreement (including but not limited to the Releases therein) and this Final Approval Order and Judgment. All Releasors other than the individuals listed on Attachment 1 to the Declaration of Cameron R. Azari, Esq. filed on June 22, 2020 and their representatives shall be conclusively deemed to have fully and finally released all of the Released Persons from any and all Released Claims.

16. Nothing in this Final Approval Order will preclude any action to enforce the parties' obligations under the Settlement Agreement or under this Order.

17. The Settlement Agreement is not a concession or admission, and shall not be used against GE or any of the Released Entities as an admission or indication with respect to any claim of any fault or omission by GE or any of the Released Entities. Neither the Settlement Agreement, nor any document, statement, proceeding or conduct related to the Settlement Agreement, nor any reports or accounts thereof, shall in any event be deemed or construed to be an admission or evidence of any violation of any statute or law, of any liability or wrongdoing by GE or any of the Released Entities or of the truth of any of the claims or allegations contained in Complaint; and evidence thereof shall not be discoverable or used directly or indirectly by the Class or any third

party, in any way for any purpose, except that the provisions of the Agreement may be used by the Parties to enforce its terms, whether in this action or in any other action or proceeding.

18. Upon consideration of Class Counsel's Fee and Expense Motion for an award of attorneys' fees and expenses, and given Class Counsel's significant efforts and expenditure of time and resources throughout the pendency of this litigation, Class Counsel's motion for an award of attorneys' fees and expenses is GRANTED. Consistent with the terms of the Settlement Agreement, Defendant shall pay Class Counsel $927,066.13 in attorneys' fees and $397,933.87 in reimbursement of expenses. Per the Settlement Agreement, this award shall be paid separate and apart from the amounts received by Claimants.

19. Upon consideration of Class Counsel's request in the Fee and Expense Motion for Service Awards to each of the five named Plaintiffs, and given the named Plaintiffs' significant efforts and expenditure of time throughout the pendency of this litigation (including sitting for depositions), the request is GRANTED. Consistent with the terms of the Settlement Agreement, Defendant shall pay each of Plaintiffs Grayson, Mazzanti, Levy, Mequet and Harris the amount of $5,000. Per the Settlement Agreement, this Service Award shall be paid separate and apart from the amounts received by Claimants.

20. Without affecting the finality of the Court's judgment in any way, the Court retains jurisdiction over this matter for the purposes of implementation and enforcement of the Settlement Agreement.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
July 27, 2020